**RETAMA DEVELOPMENT CORPORA-TION and Retama Park Management Company, L.C., Appellants,**

v.

**TEXAS WORKFORCE COMMISSION and Jimmy W. Brown, Appellees.**

No. 03–97–00790–CV.

Court of Appeals of Texas, Austin.

June 4, 1998.

---

Brad Lee Sklencar, Soules & Wallace, San Antonio, for Appellants.

Anthony Aterno, Asst. Atty. Gen., Taxation Division, Austin, for Appellees.

Before POWERS, KIDD and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

Appellants, the Retama Development Corporation and Retama Park Management Company, L.C. (collectively "Retama Park") appeal the district court's grant of summary judgment in favor of appellees, the Texas Workforce Commission ("TWC") and Jimmy W. Brown. Retama Park challenges the TWC's ruling that unemployment benefits awarded to Mr. Brown following his layoff from Retama Park's employment are chargeable to Retama Park's employer account, arguing that its account is protected by section 204.022(a)(2) of the Texas Unemployment Compensation Act. That section provides that unemployment benefits may not be charged to the account of an employer if the employee's last separation from employment was required by a state statute or a municipal ordinance. The issue presented is whether the termination of Mr. Brown's employment was required by statute. Because we agree with the TWC and the district court that it was not, we will affirm the district court's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1995, Retama Park operated a licensed race track in Selma, Texas, where it conducted live horse races in accordance with the Texas Racing Act and the rules of the Texas Racing Commission ("Racing Commission").[1] Pursuant to its regulations and in accordance with the Texas Racing Act, the Racing Commission established live race dates for Retama Park in November and December of

---

1. See Tex.Rev.Civ. Stat. Ann. art. 179e, § 8.01 (West Supp.1998); 16 Tex. Admin. Code § 303 (1997).

1995, with the season's final race scheduled for December 3. Retama Park was required to hold live races on the dates set by the Racing Commission.[2] However, on November 21, Retama Park asked the Racing Commission to end Retama Park's racing season two weeks early by canceling its six remaining live race dates. The Racing Commission granted Retama Park's request the same day.

On November 22, Retama Park laid off Jimmy Brown, who had been employed for the racing season as a security guard. Mr. Brown filed a claim for unemployment benefits with the Texas Employment Commission, the agency now known as the Texas Workforce Commission ("TWC"). The TWC granted Mr. Brown unemployment benefits and ruled that Retama Park's employer account would be charged. Retama Park challenged the charge back, arguing that Mr. Brown's termination was "required by statute" under the meaning of section 204.022(a)(2) of the Texas Unemployment Compensation Act ("TUCA"). *See* Tex. Lab. Code Ann. §§ 201–217 (West 1996 & Supp. 1998). After making findings of fact and conclusions of law, the appeal tribunal upheld the TWC's decision.[3] Retama Park next sought appellate review at the highest level within the TWC, which adopted the appeal tribunal's findings of fact and conclusions of law and affirmed the determination of a charge back to Retama Park's account.

Retama Park challenged the agency's decision by filing an original petition for judicial review. *See* Tex. Lab.Code Ann. § 212.201 (West 1996). Both parties moved for summary judgment, agreeing that there are no disputed facts. The district court denied Retama Park's motion and granted the TWC's motion. Retama Park brings this appeal from that final decision, complaining that the district court erred by granting summary judgment in favor of the TWC and by denying summary judgment in favor of Retama Park.

## STANDARD OF REVIEW

■ Appellate review of a summary judgment requires the reviewing court to determine whether the movant has shown that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). Here, both parties agree that the material facts are undisputed and that summary judgment is appropriate. When both parties move for summary judgment and the trial court grants one motion and denies the other, the appellate court should determine all questions presented. *See Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex. 1988). In this case, the legal question presented is whether Jimmy Brown's discharge was required by statute as intended by TUCA section 204.022(a)(2).

## DISCUSSION

■ Appellants argue that the district court should have granted summary judgment in their favor because Retama Park's employer account was protected from charge back by TUCA section 204.022(a)(2). That section provides that unemployment benefits may not be charged to the account of an employer if the employee's last separation from employment was "required by a statute of this state or an ordinance of a municipality of this state." Tex. Lab.Code Ann. § 204.022(a)(2) (West 1996 & Supp.1998). The crux of appellants' theory is that Retama Park's account should not be charged back because Mr. Brown's termination was "required by statute" when the Racing Commission ended Retama Park's racing season. Retama Park argues that horse racing is such a highly regulated industry that every

---

**2.** Racing Commission Rule 303.41(a) provides: "An association shall conduct pari-mutuel racing on each date granted [by the Racing Commission] ... unless the association receives the prior approval of the executive secretary." 16 Tex. Admin. Code § 303.41(d) (1997).

**3.** Either the claimant or the employer may appeal a determination of the TWC examiner to an appeal tribunal established by the Commission and composed of a salaried examiner. Tex. Lab. Code Ann. §§ 212.053, .101 (West 1996). The appeal tribunal affirms or modifies the determination after giving the parties "reasonable opportunity for fair hearing." *Id.* § 212.102. The TWC may permit any party to further appeal the tribunal's decision. *Id.* § 212.151.

act is done pursuant to statute, and that acts done pursuant to statutory authority are "required by statute." We reject Retama Park's assertion that every act done pursuant to statutory authority qualifies for charge-back protection under TUCA section 204.022(a)(2).

■ The TWC determined that an employee's termination is "required by statute" when the termination or layoff occurs pursuant to an agency's statutorily mandated act, but not when the act or order is discretionary. Where the language of a statute is unambiguous, courts must seek the intention of the legislature as found in the plain meaning of the words used. *Memorial Hospital— The Woodlands v. McCown,* 927 S.W.2d 1, 4 (Tex.1996). Whether a statutory provision is ambiguous is a question of law. *See State v. Shoppers World, Inc.,* 380 S.W.2d 107, 110 (Tex.1964). We hold that TUCA section 204.022(a)(2) unambiguously specifies that unless a state statute or municipal ordinance *requires* an employee's termination, charge-back protection is unavailable to the employer. While a statute requires the Racing Commission's approval for the early termination of the racing season, no statute in this case addresses the termination of racetrack employees. Since no statute or ordinance required the termination of Jimmy Brown's employment, Retama Park's account is not protected by TUPA section 204.022(a)(2).

■ We agree with appellants that whether an agency's order is mandatory or discretionary is not determinative in invoking the charge-back protection of section 204.022(a)(2). While we reject this distinction on which the agency relied, we nevertheless affirm the TWC's ruling. Courts are not bound by an administrative agency's legal theory provided there is a valid basis for the agency action. *See Railroad Comm'n of Tex. v. City of Austin,* 524 S.W.2d 262, 279 (Tex. 1975). Because Mr. Brown's discharge was not required by statute, section 204.022(a)(2) charge-back protection is not available to Retama Park. The TWC's ruling has a valid basis, and the district court correctly granted summary judgment in the TWC's favor.

Appellants attempt to bolster their argument that the Racing Commission's order

approving Retama Park's request to terminate its racing season two weeks early was "required by statute" by claiming that orders of an administrative agency should be considered as legislative acts. In support of this theory, appellants cite *Texas Liquor Control Board v. Attic Club, Inc.,* 457 S.W.2d 41 (Tex.1970). However, the *Attic Club* court stated that a rule or order promulgated by an administrative agency acting within its delegated authority should be considered under the same principles as if it were the act of the Legislature. *Id.* at 45. *Attic Club* does not advance appellants' argument because the Racing Commission's order approving Retama Park's request for an early termination was not a promulgated rule in any sense.

As the appeal tribunal determined in its findings of fact, Retama Park sought to have the remainder of its 1995 racing season canceled due to economic downturn. Appellants apparently concede this point, having stated both in their summary judgment motion and again on appeal that the material facts in this case are undisputed. Retama Park's situation is no different from that of any other employer that discharges employees during an economic downturn; having laid off an employee for its own economic benefit, the employer cannot claim that its account is immune to charge back of the employee's unemployment benefits. At oral argument, counsel for appellants repeatedly urged that Retama Park's situation is unique simply because horse racing is a highly regulated industry. We reject this interpretation of the unambiguous text of section 204.022(a)(2), which applies only if an employee's termination was "required by a statute of this state," not if it indirectly accompanies statutorily required regulation.

We also address Retama Park's complaint that the TWC acted arbitrarily and capriciously in failing to follow its own precedent. In support of their argument, appellants point to Appeal No. 93–004252–10M–012194 in the TWC's Appeals Policy and Precedent Manual. In that case, the employees were laid off at the end of the regularly scheduled racing season; the TWC held that section 204.022 protected the employer racetrack's

account from charge back. The TWC did not act arbitrarily and capriciously by failing to apply the same rule in this situation; one prior decision, distinguishable on the facts, does not establish controlling precedent.

The appeal tribunal based its distinction on the undisputed fact that Retama Park had asked the Racing Commission to end its racing season two weeks early, whereas in the prior case, the employer racetrack discharged its employees at the end of the regularly scheduled racing season. The fact that Retama Park *asked* the Racing Commission to put an early end to its racing season constitutes a valid distinction between the two cases. The TWC did not act arbitrarily and capriciously in refusing to follow a single previous decision when the facts are distinguishable. Furthermore, we today reject the legal principle underlying the previous agency ruling in the TWC policy manual by holding that a termination must be required by statute to invoke the protection of section 204.022(a)(2).

The cases appellants cite as establishing the "arbitrary and capricious" standard for agency conduct further indicate that the TWC's ruling did not violate this standard. Appellants correctly note that *Gulf Land Co. v. Atlantic Refining Co.* establishes that an administrative agency must follow its own rules and regulations. *See Gulf Land Co.,* 134 Tex. 59, 131 S.W.2d 73, 79 (1939). However, that case is inapposite because the TWC's ruling denying charge-back protection to Retama Park did not violate any of the TWC's rules or regulations. Appellants also cite *Public Utility Commission v. Gulf States Utilities Co.* in support of their claim that the TWC is bound by its own interpretation of a prior precedent. *See Gulf States,* 809 S.W.2d 201 (Tex.1991). *Gulf States* does require an agency to follow the clear, unambiguous language of its own regulations. *Id.* at 207. However, the opinion does not address the extent to which an agency is bound by its own contested-case precedent. Appellants have failed to explain how the TWC's act of validly distinguishing precedent amounts to disobedience of an agency regulation. Neither *Gulf States* nor *Gulf Land Co.* supports appellants' position.

## CONCLUSION

TUCA section 204.022(a)(2) protects an employer's account from charge back when an employee's discharge is required by statute. Since no statute required Retama Park to discharge Jimmy Brown, the TWC has shown that it is entitled to judgment as a matter of law. The district court did not err in granting the TWC's motion for summary judgment and in denying Retama Park's summary-judgment motion. Therefore, we overrule appellants' single point of error and affirm the district court's judgment upholding the agency order charging unemployment benefits to the account of Retama Park.