TEXAS WORKERS' COMPENSATION
COMMISSION, Appellant,

v.

TEXAS MUTUAL INSURANCE COM-
PANY, f/k/a Texas Workers' Compen-
sation Insurance Fund, Appellee.

No. 05–02–00759–CV.

Court of Appeals of Texas,
Dallas.

Oct. 23, 2003.

Bradley Dean McClellan, Asst. Atty. Gen., Austin, for Appellant.

Scott R. Placek, Scott R. Arnold, Arnold & Placek, Round Rock, for Appellee.

Before Justices WHITTINGTON, WRIGHT, and BRIDGES.

## OPINION

Opinion By Justice BRIDGES.

The Texas Workers' Compensation Commission (the commission) appeals the trial court's order remanding this case in part to the commission's appeals panel (the panel) for further proceedings. In a single issue, the commission argues a trial court may not remand an issue to the panel once the issue has been determined by an administrative judge and the panel has had the statutorily-established opportunity to review that determination. We reverse the trial court's order remanding this case to the appeals panel and remand this cause for further proceedings.

In November 1995, Salvador Montoya, an employee of Big D Roofing Company, was injured. Texas Mutual Insurance Company, f/k/a Texas Workers' Compensation Insurance Fund (Mutual) entered into an agreement with Montoya and stipulated that he had been injured in the course and scope of his employment. Big D Roofing contested compensability on the grounds that Montoya was an independent contractor. The commission held a contested case hearing at which the hearing officer determined that Montoya suffered a compensable injury, Mutual had standing to participate in the hearing, Big D Roof-

ing was not Montoya's employer, and Big D Roofing had not exercised due diligence in disputing Montoya's claim.

Mutual and Big D Roofing sought review of this decision by the commission appeals panel. The appeals panel ruled that Mutual lacked standing in the contested case hearing and, thus, could not appeal the decision of the hearing officer. In all other respects, the appeals panel affirmed the hearing officer's decision. Mutual sought review of the appeals panel's ruling in the trial court. The trial court determined that Mutual was a proper party in the commission's proceedings and that the appeals panel failed to address the issue of whether Montoya was an independent contractor because of its error in denying standing to Mutual. The trial court reversed the decision of the appeals panel, severed the issue of whether Montoya was an employee or independent contractor, and remanded that issue to the appeals panel. This appeal followed.

In a single issue, the commission argues the trial court erred in remanding the issue of Montoya's employee status to the appeals panel. Specifically, the commission asserts the jurisdiction of the appeals panel has expired, and issues cannot now be remanded to the appeals panel for determination. The labor code provides for review of a hearing officer's decision by the appeals panel. TEX. LAB.CODE ANN. § 410.203(c) (Vernon 1996). The appeals panel may remand a case to the hearing officer for further consideration only once. *Id.* § 410.203(c) (Vernon 1996). Once a matter is submitted to the appeals panel, the panel has thirty days in which to issue a decision. *Id.* § 410.204(a). If the appeals panel does not issue a decision, the decision of the hearing officer becomes final, and it is the final decision of the appeals panel. *Id.* § 410.204(c). A party may then seek judicial review by filing suit

in the appropriate court. *Id.* § 410.252. In a jury trial, the trial court is required to inform the jury of the appeals panel's decision on each disputed issue submitted to the jury. *Id.* § 410.304(a). In a trial to the court without a jury, the court "shall consider" the decision of the appeals panel. *Id.* § 410.304(b).

In contrast, nothing in the labor code allows the trial court to send matters back to the appeals panel. Further, no mechanism exists in the code for addressing matters remanded from the trial court, and there are no applicable time deadlines that would ensure the appeals panel's timely determination of those matters. Under these circumstances, we conclude remand to the appeals panel in this case is improper. Instead, in its proceedings the trial court should "consider" the decision of the appeals panel. *See id.* § 410.304. If the case proceeds to a jury trial, the trial court should inform the jury of the appeals panel's decision on each disputed issue that is submitted to the jury. *See id.* We sustain the commission's single issue.

We reverse the trial court's order remanding this case to the appeals panel and remand this cause for further proceedings.