**TEXAS WORKERS' COMPENSATION COMMISSION, Appellant,**

v.

**HARRIS COUNTY, Texas, Appellee.**

No. 14–03–00435–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 1, 2004.

Kevin Heyburn, Austin, for appellant.

Juanita Hamilton, Michael R. Hull, Houston, for appellee.

Panel consists of Justices YATES, ANDERSON, and HUDSON.

## OPINION

LESLIE BROCK YATES, Justice.

In this appeal, we are faced with an issue of first impression regarding the timeliness of an appeal filed by a party contesting an impairment rating decided by an administrative judge pursuant to the Texas Workers' Compensation Act. An administrative judge determined, after a contested case hearing, that Juanita Hamilton was disabled due to an injury suffered during the course and scope of her employment with appellee Harris County. A Texas Workers' Compensation Commission ("TWCC") appeals panel subsequently concluded that Harris County's appeal of that decision was untimely filed. In two issues, appellant TWCC contends (1) the administrative appeal filed by Harris County was untimely, and, therefore, the district court lacked jurisdiction over Harris County's lawsuit seeking judicial review of the TWCC appeals panel's decision; and (2) assuming Harris County's administrative appeal was timely filed, the district court lacked authority to remand an impairment rating decision by a TWCC hearing officer to the TWCC appeals panel for further review of the merits. We conclude that Harris County's appeal to the TWCC appeals panel was timely filed, but agree that the district court lacked the authority to remand the question of a disputed impairment rating to the TWCC appeals panel. Accordingly, we affirm in part and reverse and remand in part for the district court to address the merits of the county's appeal.

## Procedural Background

Hamilton's administrative contested case hearing was held before a TWCC administrative judge on December 6, 1999. At the conclusion of the hearing, the hearing officer determined that Hamilton had been injured during the course and scope of her employment with Harris County, that her disputed impairment rating was 15%, and that she was entitled to 45 weeks of impairment income benefits. The parties dispute when Harris County received a copy of the hearing officer's decision and order ("Order").

TWCC contends that Harris County's designated Austin, Texas representative[1] received a copy of the Order on December 22, 1999, because it was placed in the Austin representative's box on that date. Neither party disputes that the Order was not mailed to the Austin representative's address on that date. There is a notation on the Order, which reads as follows:

---

1. We refer to both Harris County and its insurance carrier as "Harris County" because Harris County is self-insured, and the distinc-tion between the two entities is not relevant to our decision.

"H&H, M. Robinson, 12/22." [2]   A copy of the Order was sent by mail to Jay Aldis at the Harris County Attorney's Office on December 22, but it was sent to the wrong address and was not received by Mr. Aldis until December 27, 1999, a fact neither party disputes.

The TWCC appeals panel determined the deadline for Harris County's appeal was January 6, 2000. Harris County mailed its notice of administrative appeal on January 10, and it was received by TWCC on January 12. In a February 22, 2000 decision, the TWCC appeals panel concluded that the TWCC administrative hearing officer's decision was final because the appeal filed by Harris County was untimely. The appeals panel stated that the "jurisdiction of the Appeals Panel was not properly invoked and the decision and order of the hearing officer have become final under Section 410.169." The TWCC appeals panel did not address the merits of Harris County's appeal contesting the impairment rating assigned to Hamilton.

On March 31, 2000, Harris County filed a lawsuit in the district court of Harris County, seeking judicial review of the TWCC appeals panel's decision. TWCC intervened by filing a plea to the jurisdiction, asserting that the district court lacked jurisdiction because of the untimely administrative appeal filed by Harris County. Harris County responded that the district court did have jurisdiction, and asked the district court to determine that its administrative appeal was timely and to remand the matter to the TWCC appeals panel for a review of the merits. The district court granted Harris County's second motion for summary judgment on January 17, 2003. The court reversed and set aside the TWCC appeals panel decision,

determining that Harris County's administrative appeal was untimely, and remanded Harris County's administrative appeal of the hearing officer's decision to the TWCC appeals panel for a review of the merits of the appeal. After the trial court overruled TWCC's motion for new trial, TWCC brought this appeal.

## Analysis

### Standard of Review

■ Harris County filed a traditional motion for summary judgment, and therefore had the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex.R.App. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). As plaintiff, Harris County must conclusively establish all of the elements of its causes of action or conclusively negate each element of an affirmative defense. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). In deciding whether a disputed material fact issue exists precluding summary judgment, we resolve every reasonable inference in favor of TWCC and take all evidence favorable to it as true. *See id.*

### Timeliness of Administrative Appeal

■ The TWCC appeals panel concluded that Harris County's administrative appeal of the hearing officer's decision was untimely. TWCC argues that under TWCC Rule 156.1(a), the designated Austin representative of Harris County's self-insured carrier was the designated agent for receiving notice from TWCC and that the Order was signed for on December 22, 1999, by the Austin representative.[3] Therefore, TWCC contends Harris County

---

2. Harris & Harris is the Austin representative for Harris County's insurance carrier.

3. Section 401.011(27) of the Labor Code defines "insurance carrier" as including a self-insured governmental entity.

received the Order on December 22, 1999, when its Austin representative received it, not on December 27, 1999, when it was received by the Harris County Attorney. Thus, according to TWCC, the administrative appeal should have been filed by January 6, not on January 10, when it was mailed by Harris County. Harris County, on the other hand, disputes that the Order reflects that it was received by the Austin representative because the notice does not bear TWCC's date stamp showing the date it was placed in the box of Harris County's Austin representative.

Section 410.202(a) of the Labor Code prescribes the method and deadline for appealing a decision of a TWCC hearing officer.

> To appeal the decision of a hearing officer, a party shall file a written request for appeal with the appeals panel not later than the 15th day after the date on which the decision of the hearing officer is received from the division and shall on the same date serve a copy of the request for appeal on the other party.

TEX. LAB.CODE ANN. § 410.202(a) (Vernon 1996). TWCC Rule 143.3(a)(3) also provides that "[t]he request shall be filed with the commission's central office in Austin not later than the 15th day after receipt of the hearing officer's decision." 28 TEX. ADMIN. CODE § 143.3(a)(3) (2004). Rule 143.3(c) provides that a request for appeal "shall be presumed to be timely filed" if it was "mailed on or before the 15th day after the date of the receipt of the hearing officer's decision" and if it is "received by the commission ... not later than the 20th day after the date of receipt of the hearing officer's decision." 28 TEX. ADMIN. CODE § 143.3(c) (2004).

The critical issue in this appeal is our construction of TWCC Rule 102.5(d). A communication from the TWCC is deemed received under one of the following three scenarios:

> For purposes of determining the date of receipt for those written communications sent by the Commission which require the recipient to perform an action by a specific date after receipt, unless the great weight of evidence indicates otherwise, the Commission shall deem the received date to be five days after the date mailed; the first working day after the date the written communication was placed in a carrier's Austin representative box located at the Commission's main office in Austin *as indicated by the Commission's date stamp;* or the date faxed or electronically transmitted.

28 TEX. ADMIN. CODE § 102.5(d) (2004) (emphasis added). Harris County contends that it received the Order on December 27, 1999, five days after the date the Order was mailed (and when Harris County's attorney actually received the Order in Houston, Harris County). Therefore, Harris County argues its appeal was timely filed when it was mailed on January 10, 2000.

Harris County disputes the application of the second method of calculating the receipt date of TWCC's Order because TWCC cannot demonstrate compliance with rule 102.5(d). Harris County contends that even assuming an agent for Harris & Harris signed for the notice on December 22, 1999, rule 102.5(d) requires the date of receipt to be determined from the TWCC's date stamp.[4] In this case, there is no TWCC date stamp on the Order showing when it was placed in the box of Harris & Harris.

**4.** It is undisputed that the third and fourth methods for calculating the date of receipt do not apply in this case because no attempt was

made to transmit the Order to Harris County or its Austin representative by facsimile or electronic mail.

Harris County also disputes the applicability of TWCC Rule 156.1 to this case. The appeals panel relied upon rule 156.1 for dismissing Harris County's appeal as untimely. Rule 156.1(c) provides, in pertinent part, as follows:

> (a) Each insurance carrier shall designate a person in Austin, Travis County, Texas as its representative to the Commission, to act as agent for receiving notice from the Commission.

> (c) Any notice from the Commission, *sent to the designated representative's Austin address,* is notice from the Commission to the insurance carrier.

28 TEX. ADMIN. CODE § 156.1(a) & (c) (2004) (emphasis added). Harris County argues that there is no evidence in the record showing that TWCC sent the Order to the Austin address of Harris County's representative. Harris County contends that hand delivery or placing the Order in the representative's TWCC box is not sufficient under rule 156.1.

At oral argument, TWCC clarified that its argument is essentially one of actual notice—namely, Harris County had actual notice of the Order on December 22, 1999. In making this argument, TWCC relies upon the phrase "unless the great weight of evidence indicates otherwise" in rule 102.5. TWCC contends that the deemed date provisions of rule 102.5 do not apply in this case because the "great weight of evidence" indicates that Harris County had actual notice of the Order on December 22, 1999. For the reasons discussed below, we agree with Harris County that its administrative appeal was timely filed under rule 102.5(d).

▮▮▮▮ "We construe administrative rules, which have the same force as stat-

utes, in the same manner as statutes." *Rodriguez v. Serv. Lloyds Ins. Co.,* 997 S.W.2d 248, 254 (Tex.1999) (citation omitted). "Unless the rule is ambiguous, we follow the rule's clear language." *Id.* (citation omitted). In construing a TWCC rule, our primary objective is to give effect to the TWCC's intent. *Id.* (citation omitted). "But if there is vagueness, ambiguity, or room for policy determinations in the regulation, we will defer to the agency's interpretation unless it is plainly erroneous or inconsistent with the language of the rule." *BFI Waste Sys. of N. Am., Inc. v. Martinez Environ. Group,* 93 S.W.3d 570, 575 (Tex.App.-Austin 2002, pet. denied) (citing *H.G. Sledge Inc. v. Prospective Inv. & Trading Co.,* 36 S.W.3d 597, 603 (Tex.App.-Austin 2000, pet. denied)). "Because it represents the view of the regulatory body that drafted and administers the rule, the agency interpretation actually becomes a part of the rule itself." *Id.* (citation omitted).

Because we determine that the phrase "unless the great weight of evidence indicates otherwise" is vague and ambiguous,[5] we look to the TWCC's interpretation of rule 102.5. Although TWCC's argument that Harris County had actual notice of the Order on December 22, 1999, is compelling at first glance, it is not supported by the TWCC's discussion of rule 102.5. *See, e.g., Rodriguez,* 997 S.W.2d at 254 ("Our best source of the Commission's intent is the Texas Register, which contains notice of [a rule] when proposed, the Commission's explanation of the rule, and the Commission's responses to public comment it received about the Rule.") (citing TEX. GOV'T CODE ANN. § 2001.023–.030 (Vernon 2000)); *Ins. Co. of Penn. v. Moore,* 43 S.W.3d 77, 81–82 (Tex.App.-Fort Worth 2001, no pet.)

---

**5.** Whether a statute or rule is ambiguous is a question of law for this court to decide. *Retama Dev. Corp. v. Tex. Workforce Comm'n,* 971

S.W.2d 136, 139 (Tex.App.-Austin 1998, no pet.).

("The construction given to a statute by the administrative agency charged with its execution is entitled to serious consideration if it is reasonable, consistent with the Legislature's intent, and does not contradict the plain language of the statute.") (citations omitted).

The Register reflects that, when first adopted in 1991, rule 102.5(h) (the predecessor to subpart (d)) read, "For purposes of determining the date of receipt for those notices and other written communications which require action by a date specific after receipt, the commission shall deem the received date to be five days after the date mailed." 16 Tex. Reg. 3939 (effective July 29, 1991) (Tex. Workers' Comp. Comm'n). In 1999, the TWCC adopted an amendment providing for the current language of rule 102.5(d). In response to a criticism about the burdensome process of requiring carriers to pick up all written communications issued by the TWCC from the Austin representative's box on a daily basis, the TWCC responded as follows:

> The Commission agrees in part. The current system which relies primarily on the Austin representative boxes as the means of delivery of notices and written communications to insurance carriers is one which is becoming outdated by advances in technology such as electronic mail. The Commission will be entering into a system redesign over the next few months which is expected to examine all processes regarding communication and information within Texas Workers' Compensation System with a goal towards improving communication and reducing paper requirements within the system. At this time, the Commission is not prepared to eliminate the use of Austin representative boxes[,] however, the proposed language requiring all carrier communications to go through the Austin representative box may become an impediment to implementing changes during the redesign process. In addition, the requirement for daily pickups from the boxes is redundant given other provisions of § 102.5 which deem written communications to have been received on the first working day after placing the document in the Austin representative box regardless of whether the representative retrieves the material in the box. *There was also a concern that this subsection as proposed would require a written communication to be deemed received even if the great weight of evidence indicated otherwise.* Therefore, § 102.5(b) has been deleted, the remaining subsections renumbered, and § 102.5(e) (now § 102.5(d)) changed....

24 Tex. Reg. 6499 (adopted Aug. 20, 1999) (Tex. Workers' Comp. Comm'n) (emphasis added). Based on the foregoing explanation by the TWCC, the TWCC was concerned about a communication being deemed received if the evidence indicated that it had not been received by one of the deemed dates listed in rule 102.5. Hence, the phrase "unless the great weight of evidence indicates otherwise" was added to protect a party complaining that it did *not* have actual notice by one of the deemed dates. The converse—TWCC's argument in this appeal—is not established by the TWCC's response. Nor does rule 102.5(d) or the TWCC's response indicate that it is the earliest of the deemed date provisions that controls. Thus, we agree with Harris County that its appeal was timely filed under rule 102.5(d). Because Harris County exhausted its administrative remedies, the district court had jurisdiction of Harris County's lawsuit. *See* TEX. LAB. CODE ANN. § 410.251. TWCC's first issue is overruled.

### District Court's Authority to Remand

■ Having found Harris County timely filed its appeal, we must determine wheth-

er the district court's remand to the TWCC appeals panel was proper. TWCC argues that even if Harris County's administrative appeal was timely filed, the district court did not have the authority to remand the issue of Hamilton's impairment rating to the TWCC appeals panel for further reconsideration. We agree.

The Labor Code provides for review of a hearing officer's decision by the TWCC appeals panel. *See* TEX. LAB.CODE ANN. § 410.203 (Vernon 1996). Once a matter is submitted to the TWCC appeals panel, the panel has thirty days in which to issue a decision. *See* TEX. LAB.CODE ANN. § 410.204(a) (Vernon Supp.2003). The appeals panel may (1) affirm the decision of the hearing officer; (2) reverse that decision and render a new decision; or (3) reverse that decision and remand the case to the hearing officer for further consideration and development of the evidence. *See* TEX. LAB.CODE ANN. § 410.203(b) (Vernon 1996). If the TWCC appeals panel does not issue a decision, the decision of the hearing officer becomes final, and it is the final decision of the appeals panel. *See* TEX. LAB.CODE ANN. § 410.204(c) (Vernon Supp.2003). A party may then seek judicial review by filing suit in the appropriate court. *See* TEX. LAB.CODE ANN. §§ 410.251– .252 (Vernon 1996). In a jury trial, the trial court is required to inform the jury of the TWCC appeals panel's decision on each disputed issue submitted to the jury. *Id.* § 410.304(a). In a trial to the court without a jury, the court "shall consider" the decision of the TWCC appeals panel. *Id.* § 410.304(b).

In this case, the TWCC appeals panel issued its February 22, 2000 decision, concluding that Harris County's appeal was untimely, and, thus, rendering the hearing officer's decision as the final decision pursuant to section 410.169 of the Labor Code. *See* TEX. LAB.CODE ANN. § 410.169 (Vernon 1996) ("A decision of the hearing officer regarding benefits is final in the absence of a timely appeal by a party and is binding during the pendency of an appeal to the appeals panel."). The appeals panel did not address the merits of Harris County's appeal. Although we can understand why it might seem appropriate to remand the issue of Hamilton's impairment rating to the appeals panel for a review of the merits of Harris County's appeal, no mechanism in the Labor Code allows for such a remand. *See Tex. Workers' Comp. Comm'n v. Tex. Mutual Ins. Co.,* 119 S.W.3d 886, 887 (Tex.App.-Dallas 2003, no pet.) ("[N]othing in the labor code allows the trial court to send matters back to the appeals panel. Further, no mechanism exists in the code for addressing matters remanded from the trial court, and there are no applicable time deadlines that would ensure the appeals panel's timely determination of those matters."). *Rodriguez v. Service Lloyds Insurance Co.* does not support Harris County's position that remand was appropriate because *Rodriguez* involved the application of a unique rule providing that the first impairment rating assigned to an employee is considered final if the rating is not disputed within 90 days after the rating is assigned. 997 S.W.2d at 251 (citing 28 TEX. ADMIN. CODE § 130.5(e)). In that context, the Texas Supreme Court determined that the complainant/plaintiff would be entitled to a contested case hearing to determine a new impairment rating if the trial court found that she had disputed her first impairment rating within 90 days. *Id.* at 257. *Rodriguez* does not apply to the instant case.[6]

---

6. Because there was a final decision by the TWCC appeals panel in this case, we need not discuss the doctrines of primary jurisdiction and exclusive jurisdiction. In any event, the doctrine of primary jurisdiction is not applicable to this case. *Cf. In re Luby's Cafeterias,*

We conclude remand to the TWCC appeals panel was improper. Ordinarily, the district court should "consider" the decision of the appeals panel, and if the trial is before a jury, the court should inform the jury of the appeals panel's decision on each disputed issue that is submitted to the jury. *See id.* In this case, the hearing officer's decision is the final decision on the merits for the purpose of the district court's review. We sustain TWCC's second issue.

Having overruled TWCC's first issue and sustained its second issue, we remand this matter to the trial court for further proceedings consistent with this opinion.

*Inc.,* 979 S.W.2d 813, 816–17 (Tex.App.-Houston [14th Dist.] 1998, no pet.) (stating that trial court should have abated negligence trial pending final decision of the TWCC when the TWCC appeals panel reversed the hearing officer's decision and remanded the case to the hearing officer for further resolution of the merits of the claim).