Affirmed in Part, Reversed and Remanded in Part, and Opinion filed April
1, 2004









Affirmed
in Part, Reversed and Remanded in Part, and Opinion filed April 1, 2004.

 

 

                                                                                                                                                            

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00435-CV

____________

 

TEXAS WORKERS=
COMPENSATION COMMISSION, Appellant

 

V.

 

HARRIS COUNTY,
TEXAS,
Appellee

 



 

On Appeal from the 129th
District Court

Harris County, Texas

Trial Court Cause No. 00-17180

 



 

O P I N I O N








In this appeal, we are faced with an issue
of first impression regarding the timeliness of an appeal filed by a party
contesting an impairment rating decided by an administrative judge pursuant to
the Texas Workers= Compensation Act.  An administrative judge determined, after a
contested case hearing, that Juanita Hamilton was disabled due to an injury
suffered during the course and scope of her employment with appellee Harris
County.  A Texas Workers= Compensation
Commission (ATWCC@) appeals panel
subsequently concluded that Harris County=s appeal of that
decision was untimely filed.  In two
issues, appellant TWCC contends (1) the administrative appeal filed by Harris
County was untimely, and, therefore, the district court lacked jurisdiction
over Harris County=s lawsuit seeking judicial review of the
TWCC appeals panel=s decision; and (2) assuming Harris County=s administrative
appeal was timely filed, the district court lacked authority to remand an
impairment rating decision by a TWCC hearing officer to the TWCC appeals panel
for further review of the merits.  We
conclude that Harris County=s appeal to the
TWCC appeals panel was timely filed, but agree that the district court lacked
the authority to remand the question of a disputed impairment rating to the
TWCC appeals panel.  Accordingly, we
affirm in part and reverse and remand in part for the district court to address
the merits of the county=s appeal.

Procedural Background

Hamilton=s administrative
contested case hearing was held before a TWCC administrative judge on December
6, 1999.  At the conclusion of the
hearing, the hearing officer determined that Hamilton had been injured during
the course and scope of her employment with Harris County, that her disputed
impairment rating was 15%, and that she was entitled to 45 weeks of impairment
income benefits.  The parties dispute
when Harris County received a copy of the hearing officer=s decision and
order (AOrder@).

TWCC contends that Harris County=s designated
Austin, Texas representative[1]
received a copy of the Order on December 22, 1999, because it was placed in the
Austin representative=s box on that date.  Neither party disputes that the Order was not
mailed to the Austin representative=s address on that
date. There is a notation on the Order, which reads as follows:  AH&H, M.
Robinson, 12/22.@[2] A copy of the
Order was sent by mail to Jay Aldis at the Harris County Attorney=s Office on
December 22, but it was sent to the wrong address and was not received by Mr.
Aldis until December 27, 1999, a fact neither party disputes.








The TWCC appeals panel determined the
deadline for Harris County=s appeal was
January 6, 2000.  Harris County mailed
its notice of administrative appeal on January 10, and it was received by TWCC
on January 12.  In a February 22, 2000
decision, the TWCC appeals panel concluded that the TWCC administrative hearing
officer=s decision was
final because the appeal filed by Harris County was untimely.  The appeals panel stated that the Ajurisdiction of
the Appeals Panel was not properly invoked and the decision and order of the
hearing officer have become final under Section 410.169.@  The TWCC appeals panel did not address the
merits of Harris County=s appeal contesting the impairment rating
assigned to Hamilton.

On March 31, 2000, Harris County filed a
lawsuit in the district court of Harris County, seeking judicial review of the
TWCC appeals panel=s decision.  TWCC intervened by filing a plea to the
jurisdiction, asserting that the district court lacked jurisdiction because of
the untimely administrative appeal filed by Harris County.  Harris County responded that the district
court did have jurisdiction, and asked the district court to determine that its
administrative appeal was timely and to remand the matter to the TWCC appeals
panel for a review of the merits.  The
district court granted Harris County=s second motion
for summary judgment on January 17, 2003. 
The court reversed and set aside the TWCC appeals panel decision,
determining that Harris County=s administrative
appeal was untimely, and remanded Harris County=s administrative
appeal of the hearing officer=s decision to the
TWCC appeals panel for a review of the merits of the appeal.  After the trial court overruled TWCC=s motion for new
trial, TWCC brought this appeal.

                                                        Analysis

Standard of Review








Harris County filed a traditional motion
for summary judgment, and therefore had the burden to show that no genuine
issue of material fact exists and that it is entitled to judgment as a matter
of law.  Tex. R. App. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548 (Tex. 1985).  As
plaintiff, Harris County must conclusively establish all of the elements of its
causes of action or conclusively negate each element of an affirmative defense.  Science Spectrum, Inc. v. Martinez,
941 S.W.2d 910, 911 (Tex. 1997).  In
deciding whether a disputed material fact issue exists precluding summary
judgment, we resolve every reasonable inference in favor of TWCC and take all
evidence favorable to it as true.  See
id.

                                    Timeliness of
Administrative Appeal

The TWCC appeals panel concluded that
Harris County=s administrative appeal of the hearing
officer=s decision was
untimely.  TWCC argues that under TWCC
Rule 156.1(a), the designated Austin representative of Harris County=s self-insured
carrier was the designated agent for receiving notice from TWCC and that the
Order was signed for on December 22, 1999, by the Austin representative.[3]  Therefore, TWCC contends Harris County
received the Order on December 22, 1999, when its Austin representative
received it, not on December 27, 1999, when it was received by the Harris
County Attorney.  Thus, according to
TWCC, the administrative appeal should have been filed by January 6, not on
January 10, when it was mailed by Harris County.  Harris County, on the other hand, disputes
that the Order reflects that it was received by the Austin representative because
the notice does not bear TWCC=s date stamp
showing the date it was placed in the box of Harris County=s Austin
representative.

Section 410.202(a) of the Labor Code
prescribes the method and deadline for appealing a decision of a TWCC hearing
officer.

To appeal the
decision of a hearing officer, a party shall file a written request for appeal
with the appeals panel not later than the 15th day after the date on which the
decision of the hearing officer is received from the division and shall on the
same date serve a copy of the request for appeal on the other party.  








Tex. Lab. Code Ann. ' 410.202(a)
(Vernon 1996).  TWCC Rule 143.3(a)(3)
also provides that A[t]he request shall be filed with the
commission=s central office in Austin not later than
the 15th day after receipt of the hearing officer=s decision.@  28
Tex. Admin. Code ' 143.3(a)(3) (2004).  Rule 143.3(c) provides that a request for
appeal Ashall be presumed
to be timely filed@ if it was Amailed on or
before the 15th day after the date of the receipt of the hearing officer=s decision@ and if it is Areceived by the
commission . . . not later than the 20th day after the date of receipt of the
hearing officer=s decision.@  28 Tex.
Admin. Code ' 143.3(c) (2004).

The critical issue in this appeal is our
construction of TWCC Rule 102.5(d). A communication from the TWCC is deemed
received under one of the following three scenarios:

For purposes of
determining the date of receipt for those written communications sent by the
Commission which require the recipient to perform an action by a specific date
after receipt, unless the great weight of evidence indicates otherwise, the
Commission shall deem the received date to be five days after the date mailed;
the first working day after the date the written communication was placed in a
carrier=s Austin
representative box located at the Commission=s main office in
Austin as indicated by the Commission=s date stamp; or the date
faxed or electronically transmitted. 

28 Tex. Admin.
Code ' 102.5(d) (2004) (emphasis added).  Harris County contends that it received the
Order on December 27, 1999, five days after the date the Order was mailed (and
when Harris County=s attorney actually received the Order in
Houston, Harris County).  Therefore,
Harris County argues its appeal was timely filed when it was mailed on January
10, 2000.








Harris County disputes the application of
the second method of calculating the receipt date of TWCC=s Order because
TWCC cannot demonstrate compliance with rule 102.5(d).  Harris County contends that even assuming an
agent for Harris & Harris signed for the notice on December 22, 1999, rule
102.5(d) requires the date of receipt to be determined from the TWCC=s date stamp.[4]  In this case, there is no TWCC date stamp on
the Order showing when it was placed in the box of Harris & Harris.  

 Harris County also disputes the applicability
of TWCC Rule 156.1 to this case.  The appeals
panel relied upon rule 156.1 for dismissing Harris County=s appeal as
untimely.  Rule 156.1(c) provides, in
pertinent part, as follows:

(a) 
Each insurance carrier shall designate a person in Austin, Travis County,
Texas as its representative to the Commission, to act as agent for receiving
notice from the Commission.

(c)  Any notice from the Commission, sent to
the designated representative=s Austin address, is notice from
the Commission to the insurance carrier. 


28 Tex. Admin.
Code ' 156.1(a) & (c) (2004) (emphasis
added).  Harris County argues that there
is no evidence in the record showing that TWCC sent the Order to the Austin
address of Harris County=s representative.  Harris County contends that hand delivery or
placing the Order in the representative=s TWCC box is not
sufficient under rule 156.1.

At oral argument, TWCC clarified that its
argument is essentially one of actual noticeCnamely, Harris
County had actual notice of the Order on December 22, 1999.  In making this argument, TWCC relies upon the
phrase Aunless the great
weight of evidence indicates otherwise@ in rule
102.5.  TWCC contends that the deemed
date provisions of rule 102.5 do not apply in this case because the Agreat weight of
evidence@ indicates that
Harris County had actual notice of the Order on December 22, 1999.  For the reasons discussed below, we agree
with Harris County that its administrative appeal was timely filed under rule
102.5(d).








AWe construe
administrative rules, which have the same force as statutes, in the same manner
as statutes.@  Rodriguez
v. Serv. Lloyds Ins. Co., 997 S.W.2d 248, 254 (Tex. 1999) (citation
omitted).  AUnless the rule is
ambiguous, we follow the rule=s clear language.@  Id. (citation omitted).  In construing a TWCC rule, our primary
objective is to give effect to the TWCC=s intent.  Id. (citation omitted).  ABut if there is
vagueness, ambiguity, or room for policy determinations in the regulation, we
will defer to the agency=s interpretation unless it is plainly
erroneous or inconsistent with the language of the rule.@  BFI Waste Sys. of N. Am., Inc. v. Martinez
Environ. Group, 93 S.W.3d 570, 575 (Tex. App.CAustin 2002, pet.
denied) (citing H.G. Sledge Inc. v. Prospective Inv. & Trading Co.,
36 S.W.3d 597, 603 (Tex. App.CAustin 2000, pet.
denied)).  ABecause it
represents the view of the regulatory body that drafted and administers the
rule, the agency interpretation actually becomes a part of the rule itself.@  Id. (citation omitted).

Because we determine that the phrase Aunless the great
weight of evidence indicates otherwise@ is vague and
ambiguous,[5]
we look to the TWCC=s interpretation of rule 102.5.  Although TWCC=s argument that
Harris County had actual notice of the Order on December 22, 1999, is
compelling at first glance, it is not supported by the TWCC=s discussion of
rule 102.5.  See, e.g.,
Rodriguez, 997 S.W.2d at 254 (AOur best source of
the Commission=s intent is the Texas Register, which
contains notice of [a rule] when proposed, the Commission=s explanation of
the rule, and the Commission=s responses to
public comment it received about the Rule.@) (citing Tex. Gov=t Code Ann. ' 2001.023B.030 (Vernon
2000)); Ins. Co. of Penn. v. Moore, 43 S.W.3d 77, 81B82 (Tex. App.CFort Worth 2001,
no pet.) (AThe construction given to a statute by the
administrative agency charged with its execution is entitled to serious
consideration if it is reasonable, consistent with the Legislature=s intent, and does
not contradict the plain language of the statute.@) (citations
omitted).








The Register reflects that, when first
adopted in 1991, rule 102.5(h) (the predecessor to subpart (d)) read, AFor purposes of
determining the date of receipt for those notices and other written
communications which require action by a date specific after receipt, the
commission shall deem the received date to be five days after the date mailed.@  16 Tex. Reg. 3939 (effective July 29, 1991)
(Tex. Workers= Comp. Comm=n).  In 1999, the TWCC adopted an amendment
providing for the current language of rule 102.5(d).  In response to a criticism about the
burdensome process of requiring carriers to pick up all written communications
issued by the TWCC from the Austin representative=s box on a daily
basis, the TWCC responded as follows:

The Commission
agrees in part.  The current system which
relies primarily on the Austin representative boxes as the means of delivery of
notices and written communications to insurance carriers is one which is becoming
outdated by advances in technology such as electronic mail.  The Commission will be entering into a system
redesign over the next few months which is expected to examine all processes
regarding communication and information within Texas Workers= Compensation
System with a goal towards improving communication and reducing paper
requirements within the system.  At this
time, the Commission is not prepared to eliminate the use of Austin
representative boxes[,] however,  the
proposed language requiring all carrier communications to go through the Austin
representative box may become an impediment to implementing changes during the
redesign process.  In addition, the
requirement for daily pickups from the boxes is redundant given other provisions
of ' 102.5 which deem
written communications to have been received on the first working day after
placing the document in the Austin representative box regardless of whether the
representative retrieves the material in the box.  There was also a concern that this
subsection as proposed would require a written communication to be deemed
received even if the great weight of evidence indicated otherwise.  Therefore, ' 102.5(b) has been
deleted, the remaining subsections renumbered, and ' 102.5(e) (now ' 102.5(d)) changed
. . . . 








24 Tex. Reg. 6499 (adopted Aug. 20, 1999) (Tex.
Workers= Comp. Comm=n) (emphasis
added).  Based on the foregoing
explanation by the TWCC, the TWCC was concerned about a communication being
deemed received if the evidence indicated that it had not been received by one
of the deemed dates listed in rule 102.5. 
Hence, the phrase Aunless the great weight of evidence
indicates otherwise@ was added to protect a party complaining
that it did not have actual notice by one of the deemed dates.  The converseCTWCC=s argument in this
appealCis not established
by the TWCC=s response.  Nor does rule 102.5(d) or the TWCC=s response
indicate that it is the earliest of the deemed date provisions that controls.
Thus, we agree with Harris County that its appeal was timely filed under rule
102.5(d).  Because Harris County
exhausted its administrative remedies, the district court had jurisdiction of
Harris County=s lawsuit. 
See Tex. Lab. Code Ann.
' 410.251.  TWCC=s first issue is
overruled.

                                   District
Court=s Authority to Remand

Having found Harris County timely filed
its appeal, we must determine whether the district court=s remand to the
TWCC appeals panel was proper.  TWCC
argues that even if Harris County=s administrative
appeal was timely filed, the district court did not have the authority to
remand the issue of Hamilton=s impairment
rating to the TWCC appeals panel for further reconsideration.  We agree.

The Labor Code provides for review of a
hearing officer=s decision by the TWCC appeals panel.  See Tex.
Lab. Code Ann. ' 410.203 (Vernon 1996).  Once a matter is submitted to the TWCC appeals
panel, the panel has thirty days in which to issue a decision.  See Tex.
Lab. Code Ann. ' 410.204(a) (Vernon Supp. 2003).  The appeals panel may (1) affirm the decision
of the hearing officer; (2) reverse that decision and render a new decision; or
(3) reverse that decision and remand the case to the hearing officer for
further consideration and development of the evidence.  See Tex.
Lab. Code Ann. ' 410.203(b) (Vernon 1996).  If the TWCC appeals panel does not issue a
decision, the decision of the hearing officer becomes final, and it is the
final decision of the appeals panel.  See
Tex. Lab. Code Ann. ' 410.204(c)
(Vernon Supp. 2003).  A party may then
seek judicial review by filing suit in the appropriate court.  See Tex.
Lab. Code Ann. '' 410.251B.252 (Vernon
1996).  In a jury trial, the trial court
is required to inform the jury of the TWCC appeals panel=s decision on each
disputed issue submitted to the jury.  Id.
' 410.304(a).  In a trial to the court without a jury, the
court Ashall consider@ the decision of
the TWCC appeals panel.  Id. ' 410.304(b).








In this case, the TWCC appeals panel issued its February
22, 2000 decision, concluding that Harris County=s appeal was
untimely, and, thus, rendering the hearing officer=s decision as the
final decision pursuant to section 410.169 of the Labor Code.  See Tex.
Lab. Code Ann. ' 410.169 (Vernon 1996) (AA decision of the
hearing officer regarding benefits is final in the absence of a timely appeal
by a party and is binding during the pendency of an appeal to the appeals
panel.@).  The appeals panel did not address the merits
of Harris County=s appeal. 
Although we can understand why it might seem appropriate to remand the
issue of Hamilton=s impairment rating to the appeals panel
for a review of the merits of Harris County=s appeal, no
mechanism in the Labor Code allows for such a remand.  See Tex. Workers= Comp. Comm=n v. Tex. Mutual
Ins. Co., 119 S.W.3d 886, 887 (Tex. App.CDallas 2003, no
pet.) (A[N]othing in the
labor code allows the trial court to send matters back to the appeals
panel.  Further, no mechanism exists in
the code for addressing matters remanded from the trial court, and there are no
applicable time deadlines that would ensure the appeals panel=s timely determination
of those matters.@).  Rodriguez
v. Service Lloyds Insurance Co. does not support Harris County=s position that
remand was appropriate because Rodriguez involved the application of a
unique rule providing that the first impairment rating assigned to an employee
is considered final if the rating is not disputed within 90 days after the
rating is assigned.  997 S.W.2d at 251
(citing 28 Tex. Admin. Code ' 130.5(e)). In
that context, the Texas Supreme Court determined that the complainant/plaintiff
would be entitled to a contested case hearing to determine a new impairment
rating if the trial court found that she had disputed her first impairment
rating within 90 days.  Id. at
257.  Rodriguez does not apply to
the instant case.[6]








We conclude remand to the TWCC appeals panel was
improper.  Ordinarily, the district court
should Aconsider@ the decision of
the appeals panel, and if the trial is before a jury, the court should inform
the jury of the appeals panel=s decision on each
disputed issue that is submitted to the jury. 
See id.  In this case, the
hearing officer=s decision is the final decision on the
merits for the purpose of the district court=s review.  We sustain TWCC=s second issue.

Having overruled TWCC=s first issue and
sustained its second issue, we remand this matter to the trial court for
further proceedings consistent with this opinion.

 

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

Judgment
rendered and Opinion filed April 1, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.











[1]  We refer to
both Harris County and its insurance carrier as AHarris
County@ because Harris County is self-insured, and the
distinction between the two entities is not relevant to our decision.





[2]  Harris & Harris is the Austin
representative for Harris County=s insurance carrier.





[3]  Section 401.011(27) of the Labor
Code defines Ainsurance carrier@ as including a self-insured
governmental entity.





[4]  It is
undisputed that the third and fourth methods for calculating the date of
receipt do not apply in this case because no attempt was made to transmit the
Order to Harris County or its Austin representative by facsimile or electronic
mail.





[5]  Whether a
statute or rule is ambiguous is a question of law for this court to
decide.  Retama Dev. Corp. v. Tex.
Workforce Comm=n, 971
S.W.2d 136, 139 (Tex. App.CAustin 1998, no pet.).





[6]  Because there
was a final decision by the TWCC appeals panel in this case, we need not
discuss the doctrines of primary jurisdiction and exclusive jurisdiction.  In any event, the doctrine of primary
jurisdiction is not applicable to this case. 
Cf. In re Luby=s Cafeterias, Inc., 979 S.W.2d 813, 816B17 (Tex. App.CHouston
[14th Dist.] 1998, no pet.) (stating that trial court should have abated negligence
trial pending final decision of the TWCC when the TWCC appeals panel reversed
the hearing officer=s decision and remanded the case to the hearing
officer for further resolution of the merits of the claim).