COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

TRINITY UNIVERSAL INSURANCE                )

COMPANY,                                                         )              
No.  08-03-00414-CV

                                                                              )

Appellant,                          )                   Appeal from the

                                                                              )

v.                                                                           )              
142nd District Court

                                                                              )

REBECCA L. DAY,                                             )          
of Midland County, Texas

                                                                              )

Appellee.                           )                
(TC# CV-43,923)

                                                                              )

 

 

O
P I N I O N

 

Appellant Trinity
Universal Insurance Company (ATrinity@) appeals from a judgment in favor of
Appellee Rebecca L. Day.  On appeal,
Trinity raises two related issues:  (1)
whether Trinity timely filed its Request for Review with the Texas Workers= Compensation Commission (ATWCC@)
Appeals Panel, giving the trial court jurisdiction; and (2) whether the trial
court improperly granted the plea to the jurisdiction filed by the TWCC.  We reverse and remand.








On November 6,
1997, Rebecca Day was injured while working at the Center for Children and
Families in Midland, Texas.  She was hit
on top of the head by a filing cabinet drawer. 
She was certified at maximum medical improvement, was assigned an
impairment rating, and applied for supplemental income benefits (ASIBS@)
through the Texas Workers=
Compensation Commission.  Trinity
Universal Insurance Company was the insurance carrier for Ms. Day=s place of employment. 

A benefit
contested hearing was held on July 11, 2002 to determine whether Ms. Day was
entitled to SIBS.  A Contested Case
Hearing Decision and Order was signed by the hearing officer and received by
TWCC on July 19, 2002.  It is undisputed
that on July 24, 2002, the decision was issued from TWCC and mailed to the
carrier=s
attorney of record.  It is also
undisputed that on the same day, TWCC placed this decision in the box of the
Austin representative for Trinity.  The
decision was stamped by the Austin representative as having been received July
24, 2002.  The decision was actually
received by the carrier=s
attorney on July 26, 2002.

The carrier filed
its appeal with the TWCC Appeals Panel on August 15, 2002.    The TWCC Appeals Panel found that Trinity
had not timely filed its Request for Review with the TWCC Appeals Panel.  Trinity filed a petition for judicial review
on October 23, 2002.  

TWCC intervened in this suit by
filing a plea to the jurisdiction on February 3, 2003.  After a hearing was held on the intervenor=s plea to the jurisdiction on May 16,
2003, the trial court found that Trinity=s
appeal to the TWCC was not timely, and therefore, it had no jurisdiction over
the case.[1]  Trinity now timely files this appeal.

In Issue One,
Trinity argues that it timely filed its Request for Review with the TWCC
Appeals Panel, and therefore, the trial court had jurisdiction over the
case.  In Issue Two, Trinity contends
that the trial court improperly granted TWCC=s
plea to the jurisdiction because Trinity perfected its right to appellate
review.








Whether the trial
court properly denied the plea to the jurisdiction is a pure question of law
that we examine under a de novo standard of review.  Cornyn v. Akin, 50 S.W.3d 735, 

736-37 (Tex.App.--El Paso 2001, no
pet.).  A plea to the jurisdiction is a
dilatory plea by which a party contests the trial court=s
authority to determine the subject matter of the cause of action. See, e.g.,
State v. Benavides, 772 S.W.2d 271, 273 (Tex.App.-‑Corpus Christi
1989, writ denied).  Its purpose is Ato defeat a cause of action without
regard to whether the claims asserted have merit.@  Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 554 (Tex. 2000).  The
plaintiff has the burden to allege facts affirmatively showing that the trial
court has subject-matter jurisdiction to hear the cause.  Tex. Ass=n
of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  On appellate review, we look to the
allegations in the pleadings, accept them as true, and construe them in favor
of the pleader.  Tex. Ass=n of Bus., 852 S.W.2d at 446; City
of Saginaw v. Carter, 996 S.W.2d 1, 2‑3 (Tex.App.-‑Fort Worth
1999, pet. dism=d
w.o.j.).  We also consider evidence
relevant to the jurisdictional issue that was before the trial court when it
ruled on the plea.  See Bland Indep.
Sch. Dist., 34 S.W.3d at 555. 

At issue in this
case is 28 Tex.Admin.Code ' 102.5(d)(2004) which states:

For purposes of determining
the date of receipt for those written communications sent by the Commission
which require the recipient to perform an action by a specific date after
receipt, unless the great weight of evidence indicates otherwise, the
Commission shall deem the received date to be five days after the date mailed;
the first working day after the date the written communication was placed in a
carrier=s Austin
representative box located at the Commission=s
main office in Austin as indicated by the Commission=s
date stamp; or the date faxed or electronically transmitted.

 








Trinity argues that because the
TWCC=s
Decision and Order was placed in its Austin representative=s box on July 24, 2002, pursuant to 28 Tex.Admin.Code '
102.5(d), Trinity should be deemed to have received the TWCC=s Decision and Order on July 25,
2002.  Ms. Day and TWCC[2]
argue that Trinity had actual notice on July 24, 2002, and therefore, the
deemed date provision is inapplicable. 
Having reviewed the entire record, we agree with Trinity=s assertions.  

According to the
28 Tex.Admin.Code ' 102.5(d), unless the great weight of
the evidence indicates otherwise, the deemed date of receipt should be the
first working day after the date the written communication was placed in a
carrier=s Austin
representative box located at the Commission=s
main office in Austin as indicated by the Commission=s
date stamp.  In this case, there is no
dispute that the TWCC=s
Decision and Order was placed in Trinity=s
Austin representative=s
box on July 24, 2002.  Therefore,
applying 28 Tex.Admin.Code ' 102.5(d), the date deemed received
would be July 25, 2002.  See 28 Tex.Admin.Code '
102.5(d).








Ms. Day and TWCC
would have this Court find that Trinity received actual notice of the TWCC=s decision on July 24, 2002, as
evidenced by the received stamp and Austin representative=s signature on the order.  The only case dealing with 28 Tex.Admin.Code ' 102.5(d)
is Tex. Workers=
Comp. Comm=n v.
Harris County, Texas, 132 S.W.3d 139 (Tex.App.--Houston [14th Dist.] 2004,
no pet.h.).  In that case, TWCC  made the argument that the date of actual
notice, and not the deemed date of receipt was the applicable date.  See Tex. Workers= Comp. Comm=n, 132 S.W.3d at 144.  Even though the facts of Harris County
differ from this case, we agree with that court=s
construction of Rule 102.5(d).  Id.
at 144-45.  A contrary construction would
eviscerate the deemed receipt date and we hold that the deemed date of receipt
in this case is applicable, and therefore, Trinity was deemed to have received
the TWCC=s
Decision and Order on July 25, 2002. 
Thus, under 28 Tex.Admin.Code
' 102.5(d), Trinity timely filed its
appeal.  We sustain Issues One and Two.

Accordingly, we
reverse and remand this matter to the trial court for further proceedings
consistent with this opinion.

 

July
22, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.











[1]
The trial court found that the deadline for Trinity to filed its appeal to the
TWCC Appeals Panel was on or before August 14, 2002.  





[2]
TWCC intervened in this case on appeal.