# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-03-00627-CV

**Garry Ackerson, Appellant**

**v.**

**Clarendon National Insurance Company, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. GN003549, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## O P I N I O N

Appellant was injured on the job and submitted a claim against appellee, his employer's insurance carrier, to the Texas Workers' Compensation Commission ("Commission"). After the Commission granted partial relief, the Commission's Appeals Panel denied appellant's request for review, holding that the Commission's decision had become final by operation of law because appellant had filed his request one day after the fifteen-day appeal deadline expired. The district court affirmed. Appellant argues that the Commission's general provisions for computing periods of time should extend the five-day deemed receipt provision and delay the start of the fifteen-day appeals period by one day. *See* 28 Tex. Admin. Code §§ 102.3, 102.5(d) (2005) (Tex. Workers' Comp. Comm'n). We will reverse the decision below and remand.

**SUMMARY OF FACTS**

While working as a carpenter at a construction site in February 1999, appellant fell onto scaffolding and was injured. Over the next seven months, he received medical treatment, including medication, surgery, and physical therapy and was either unable to work or restricted to light lifting duties. Although released to full duty on November 1, 1999, appellant continued to experience knee and back pain, possibly aggravated by a subsequent non-work-related fall. He sought additional treatment early the next year.

Appellant disputed the workers' compensation benefits offered by appellee before the Commission. The Commission mailed its written opinion on Wednesday, August 30, 2000. Appellant filed a request for review on September 20, 2000. The Commission Appeals Panel applied its deemed-received provision to deem the date of appellant's receipt of the decision as September 4, calculated the fifteen-day time period from that date, and held that appellant's request, mailed sixteen days after September 4, was one day too late. *See* Tex. Lab. Code Ann. § 410.202(a) (West 2004) (fifteen-day limit for filing timely request for review); 28 Tex. Admin. Code § 102.5(d) (notice deemed received five days after mailing).[1]

Appellant then filed suit in district court, claiming that because September 4, 2000, was Labor Day, it could not be deemed the receipt date. The district court concluded that, because the Commission's rule provides that a "working day" is any day, including Labor Day, the fifteen-

_____

[1] This statute was amended in 2001 to exclude Saturdays, Sundays, and holidays listed in section 662.003 of the Government Code when computing the fifteen-day appeals filing period. Tex. Lab. Code Ann. § 410.202(d) (West Supp. 2004-05). This change does not affect our analysis or holding here regarding when the fifteen-day period begins.

2

day period began on September 4, and the request was untimely filed. The court dismissed for lack of jurisdiction. This appeal followed.

## DISCUSSION

The only issue on appeal is whether the Commission's rule excluding weekends and holidays from being the last day of a time period applies to the Commission's deemed-received provision. *See* 28 Tex. Admin. Code §§ 102.3 (a)-(b) (governing computation of time periods), 102.5(d) (deemed-receipt provision).

Because an examination of an Appeals Panel ruling involves interpretation of an administrative rule, we apply principles of statutory construction and conduct a *de novo* review. *Continental Cas. Co. v. Rivera*, 124 S.W.3d 705, 709 (Tex. App.—Austin, 2003, pet. denied). When construing Commission rules, we face two further, competing factors. An administrative agency's interpretation of its own rules is entitled to great weight and deference; it controls unless plainly erroneous or inconsistent with the agency's enabling statute. *Id*. at 710. However, we must liberally construe the Workers' Compensation Act in favor of the injured worker; thus, a strained or narrow construction is improper. *Kroger Co. v. Keng*, 23 S.W.3d 347, 349 (Tex. 2000).

The Commission has adopted a general rule for computing due dates and time periods. *See* Tex. Lab. Code Ann. § 402.061 (West 1996) (Commission has authority to "adopt rules as necessary for the implementation and enforcement of" Act); 28 Tex. Admin. Code § 102.3 (general rule for computing due dates and time periods). Principles of statutory construction require that we discern the drafters' intent from the language of the provision, if possible. *See Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999).

3

The scheme that the Commission uses to calculate time and receipt is clear from its language: a party requesting that the Commission review a decision has fifteen days from the date of receipt of the decision in which to respond. Tex. Lab. Code Ann. § 410.202(a). "For purposes of determining the date of receipt for those written communications sent by the Commission which require the recipient to perform an action by a specific date after receipt, . . . the Commission shall deem the received date to be five days after the date mailed . . . ." 28 Tex. Admin. Code § 102.5(d) (2004). In counting the five days, the deemed-receipt provision refers to calendar days, because "[u]se in this title of the term 'day,' rather than 'working day' shall mean a calendar day." *Id*. § 102.3(b). However, in determining the last day of the period, "unless otherwise specified, if the last day of any period is not a working day, the period is extended to include the next day that is a working day." *Id*. § 102.3(a)(3). Contrary to the district court's conclusion, "[a] working day is any day, Monday-Friday, other than a national holiday as defined by Texas Government Code, § 662.003(a)" and a few other holidays. *Id*. § 102.3(b). Under the government code, the first Monday in September, Labor Day, is a national holiday. Tex. Gov't Code Ann. § 662.003(6) (West 2004). Therefore, because the last day of this period—September 4, 2000, Labor Day—was not a working day, the period was extended to include the next day that was a working day, Tuesday, September 5. 28 Tex. Admin. Code § 102.3(a)(3).

Therefore, when appellant mailed his request for review on September 20, 2000, he was still within the statutorily-provided appeals period. The Appeals Panel and district court erred in holding that the original Commission decision was final by operation of law and in denying appellant's request for review.

Appellee argues that appellant waived his sole point of error by not supporting it with argument and authority because he offers only statutory interpretation with no relevant cases to back it up. We disagree. Appellant offers argument and authority supporting a clear interpretation and refers us to all necessary statutes and regulations and a Texas Supreme Court decision that mandates liberal construction. Appellee further argues several counter-interpretations: (1) that the deemed-received provision's use of "days" rather than "working days" requires a strict calendar-day counting; (2) that the Commission intended for the deemed-received provision to count calendar days, as shown by the Commission's use of "first working day" elsewhere in the same rule and not in the deemed-received provision, *see* 28 Tex. Admin. Code § 102.5(d); (3) that the general rule for counting a period of days does not apply because the fifth day is not the end of a time period but rather the beginning of the fifteen day appeal period; and (4) that the fifth day need not roll over to a working day because no action is required between the date mailed and the date received. Each of these interpretations forces a strained or narrow reading; thus, we are unpersuaded in light of the mandate favoring liberal construction in favor of the injured worker. *See Keng*, 23 S.W.3d at 349.[2]

---

[2] Our interpretation of the deemed-received provision does not contradict the holdings of the three Appeals Panel decisions appellee cites. These decisions assert that the five-day deemed receipt, rather than the date of actual receipt (unless the great weight of the evidence indicates otherwise), establishes the beginning of the fifteen-day appeals period. Tex. Work. Comp. Comm'n, Appeal No. 001469, 2000 WL 33155955, at *1 (Aug. 10, 2000); Tex. Work. Comp. Comm'n, Appeal No. 001646, 2000 WL 33159008, at *1 (Aug. 18, 2000); Tex. Work. Comp. Comm'n, Appeal No. 012254, 2001 WL 1510756, at *1 (Nov. 13, 2001). That proposition still holds true. Because the fifth day did not fall on a weekend or holiday in any of those decisions, the method for counting the five-day period was never addressed. Even the Appeals Panel decision in the instant case looked at the dates without considering whether they were working days. Tex. Work. Comp. Comm'n, Appeal No. 002208, 2000 WL 33124289, at *1 (Nov. 2, 2000).

5

**CONCLUSION**

The Appeals Panel and district court erred in not properly applying the general rule for computing time periods to the five-day deemed-received provision. Appellant's request for review was timely filed. We reverse and remand to the district court for proceedings consistent with this opinion.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Reversed and Remanded

Filed: June 23, 2005

6