# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00208-CV

**Shelly Frank, as Beneficiary of Eric Frank, Deceased, Appellant**

**v.**

**Liberty Insurance Corporation, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. D-1-GN-05-001135, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

### O P I N I O N

Shelly Frank appeals from the district court's judgment dismissing her suit for lack of subject-matter jurisdiction. Frank had obtained an adverse decision of a Texas Workers' Compensation Commission hearing examiner and then requested review by the Commission's appeals panel. The appeals panel concluded that Frank had failed to timely file her request for review and dismissed her administrative appeal. Frank then sued in district court for judicial review of the appeals panel's order. The carrier, Liberty Insurance Corporation, moved to dismiss Frank's suit for lack of subject-matter jurisdiction, urging that Frank had failed to exhaust her administrative remedies by timely seeking appeals panel review. The district court granted Liberty's motion.

Concluding that Frank timely invoked the appeals panel's jurisdiction, we reverse the judgment of the district court and remand for further proceedings.

## BACKGROUND

Shelly Frank's husband, Eric Frank, had been an 11-year employee of Brinks, a security and armored vehicle provider. On June 28, 2004, Brinks requested that Eric Frank report to a "secret location." On his way to this location, he sustained fatal injuries as a result of an automobile accident. As his beneficiary, Shelly Frank filed a claim for workers' compensation benefits. Liberty, Brinks's insurer for workers' compensation coverage at the time, contested the claim on the ground that injuries or deaths occurring while traveling to and from work are not compensable. Frank argued that her husband's death was compensable because the accident occurred while he was on a "special mission" within the course and scope of his employment.

Frank retained counsel to pursue her claim through the administrative processes of the Texas Workers' Compensation Commission.[1] On September 1, 2004, Frank's counsel sent written notice to the Commission that his firm was representing Frank in connection with her pending claim.[2] Frank's counsel requested a benefit review conference. An attorney from the firm represented Frank at the benefit review conference on November 18, 2004. After the conference, which did not resolve the case, a contested case hearing before a Commission hearing examiner was held December 14, 2004. An attorney with the firm represented Frank at the hearing. On the

[1] Nearly all of the events relevant to this appeal occurred prior to the legislature's transfer of the Commission's functions to the Texas Department of Insurance, Workers Compensation Division, effective September 1, 2005. *See* Act of May 29, 2005, 79th Leg., R.S., ch. 265, § 8.001, 2005 Tex. Gen. Laws 469, 607-08. For clarity, we will refer to this governmental entity simply as "the Commission."

[2] The notice, on the firm's letterhead, identified Ms. Frank as the claimant and listed her social security number, Commission claim number, her late husband's employer (Brinks), Brinks's carrier (Liberty), and the date of injury. Counsel also enclosed with this notice a copy of the firm's employment contract with Ms. Frank.

2

following day, the hearing officer signed a "Decision and Order" finding that Frank was not entitled to benefits because Eric Frank had not been within the course and scope of employment at the time of his injury. The decision noted that Frank "appeared and was represented by" counsel at the hearing, identifying counsel by name.

There is no dispute that the Commission was required by its own rules to send a copy of the hearing officer's decision to both Frank and her counsel. Rule 102.5—the Commission's "General Rules for Written Communications to and from the Commission"—provides in relevant part:

> After the Commission is notified in writing that a claimant is represented by an attorney or other representative, all copies of written correspondence to the claimant shall thereafter be sent to the representative as well as the claimant, unless the claimant requests delivery to the representative only. However, copies of settlements, notices setting benefit review conferences and hearings, and orders of the Commission shall always be sent to the claimant regardless of representation status. All written communications to the claimant or claimant's representative will be sent to the most recent address or facsimile number supplied on either the employer's first report of injury, any verbal or written communication from the claimant, or any claim form filed by the carrier via written notice or electronic transmission.

28 Tex. Admin. Code § 102.5(a) (2004).[3] The Commission had unquestionably been "notified in writing" that Frank was represented by an attorney. "Written communications" were at relevant times defined within rule 102.5 to "include all records, reports, notices, filings, and other information contained either on paper or in an electronic format." *Id.* § 102.5(g). The term therefore included

---

[3] We cite to the version of the Texas Administrative Code that was in effect at the time the Commission issued its decision.

hearing officer decisions, as the second sentence of rule 102.5, subsection (a), implies. *See id.* § 102.5(a). Consequently, the Commission was required by subsection (a) of rule 102.5 to send the hearing notice to both Frank and Frank's counsel via "the most recent address or facsimile number supplied on either the employer's first report of injury, any verbal or written communication from the claimant, or any claim form filed by the carrier via written notice or electronic transmission." *Id.*

A copy of the Commission's letter transmitting the hearing officer's decision reflects that, on December 22, 2004, the Commission mailed copies of the decision to Liberty's counsel and Frank personally, and sent what it termed "information copies" to Brinks and to "Ombudsman." The Commission did not send a copy to Frank's counsel as required by its rule 102.5(a). Frank observes that the Commission's sending of the decision to "Ombudsman" is consistent with its procedures for claimants who are *not* represented by counsel. *See* Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 1, sec. 409.041, 1993 Tex. Gen. Laws 987, 1196-97 (former Tex. Lab. Code § 409.041(b)(4)) (current version at Tex. Lab. Code Ann. § 404.151(b)(4) (West 2006)) (purposes of Commission's ombudsman program include "assist[ing] unrepresented claimants, employers, and other parties to enable those persons to protect their rights in the workers' compensation system"); *see also* Act of May 26, 1995, 74th Leg., R.S., ch. 980, § 1.31, sec. 409.041, 1995 Tex. Gen. Laws 4912, 4920 (former Tex. Lab. Code § 409.041(b)(5)) (current version at Tex. Lab. Code Ann. § 404.151(b)(5) (West 2006)) (requiring an ombudsman to "meet with an unrepresented claimant privately for a minimum of 15 minutes prior to any informal or formal hearing") (emphasis added).

4

Frank's counsel did not receive a copy of the decision or any notice that a decision had been issued until January 28, 2005, when counsel happened to call the Commission to inquire as to the status of the proceeding.[4] In response to this telephone call, the Commission faxed a copy of the hearing officer's decision to Frank's attorney that same day. Frank's attorney then immediately filed—on the same day—a request for review with the appeals panel.

The appeals panel held that it did not have jurisdiction to review the hearing officer's decision because Frank's request for review was not filed timely. The panel, relying on a long line of its decisions involving similar facts, reasoned that the Commission's mailing of the decision to Frank *personally* had alone triggered her deadline for filing her administrative appeal, that this deadline had lapsed before January 28, 2005, and that "we do not consider" whether or when her counsel ever received a copy of the decision as required by rule 102.5(a) because "the operative date for determining the timeliness of the appeal is the date the claimant, not his or her attorney, received the hearing officer's decision." Evidently it is not unprecedented for the Commission to mail claimants copies of hearing officer decisions while misdirecting or failing altogether to send copies to claimants' counsel as required by rule 102.5(a). In such instances, the appeals panel has ruled

---

[4] The record is silent as to whether "Ombudsman" actually received a copy of the hearing officer's decision, though under the Commission's rules, as discussed below, he or she would be deemed to have received it five days after mailing. *See* 28 Tex. Admin. Code § 102.5(d) (2004). The record does not indicate that "Ombudsman" thereafter made any effort in response to the misdirected mailing to ensure that Frank's rights were protected, such as forwarding the decision to Frank or her counsel.

that the claimant's appeal deadline is triggered solely by the claimant's actual or deemed personal receipt of the decision without regard to when or if counsel received it.[5]

Frank then filed a suit for judicial review of the appeals panel's decision in the district court. Liberty filed a motion to dismiss the suit on the grounds that the district court lacked subject-matter jurisdiction because Frank had not exhausted her administrative remedies by timely requesting appeals panel review of the hearing officer's decision. The district court granted Liberty's motion to dismiss. This appeal followed.

---

[5] *See* Tex. Workers' Comp. Comm'n, Appeal No. 50442, 2005 TX Wrk. Comp. LEXIS 87, (Apr. 12, 2005) (claimant's counsel delayed in receiving decision because Commission sent it to wrong address; panel held that deadline ran from date claimant was deemed to have received decision by mail); Tex. Workers' Comp. Comm'n, Appeal No. 001646, 2000 TX Wrk. Comp. LEXIS 1158 (Aug. 18, 2000) (Commission erroneously sent hearing officer's decision intended for claimant's counsel to another attorney; counsel did not receive decision until after appeal deadline, triggered by claimant's deemed date of receipt, had run; panel held that "the operative date for determining the timeliness of an appeal is the date the party received the hearing officer's decision, and is not the date the party's attorney received the decision"); Tex. Workers' Comp. Comm'n, Appeal No. 950503, 1995 TX Wrk. Comp. LEXIS 4383 (May 15, 1995) (claimant's counsel did not receive copy of hearing officer's decision or carrier's request for review for 1-1/2 months; "We note that the Commission's cover letter attached to the decision appears to have inadvertently left out the name of the claimant's attorney, which certainly should have been included"); Tex. Workers' Comp. Comm'n, Appeal No. 941144, 1994 TX Wrk. Comp. LEXIS 5407(Oct. 4, 1994) (claimant's counsel did not receive copy of hearing officer's decision from Commission, but was given copy by claimant; "the operative date for determining the timeliness of this appeal is the date the claimant, not his attorney, received the hearing officer's decision"); Tex. Workers' Comp. Comm'n, Appeal No. 92219, 1992 TX Wrk. Comp. LEXIS 2418 (July 15, 1992) (same holding where Commission transmitted hearing officer's decision to claimant, carrier, carrier's attorney, and employer, but not to claimant's attorney; "the Commission sent a copy of the decision to appellant's attorney and apologized for his being inadvertently omitted from the distribution list"); *see also* Tex. Workers' Comp. Comm'n, Appeal No. 001467, 2000 TX Wrk. Comp. LEXIS 989 (Aug. 9, 2000) (trigger date for requesting review was date carrier's representative received hearing officer's decision, not date its counsel received it); Tex. Workers' Comp. Comm'n, Appeal No. 93353, 1993 TX Wrk. Comp. LEXIS 3349 (June 21, 1993) (same).

## ANALYSIS

Frank brings a single issue contending that the district court erred in dismissing her suit for judicial review for lack of subject-matter jurisdiction because she had timely filed her request for review with the appeals panel and, therefore, did not fail to exhaust her administrative remedies. When reviewing the grant of a motion to dismiss based on a lack of subject-matter jurisdiction, we review the record de novo to determine whether the trial court had subject-matter jurisdiction. *Lacy v. Bassett*, 132 S.W.3d 119, 122 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). A plaintiff must allege facts affirmatively demonstrating the trial court's jurisdiction to hear the case. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993). We construe the pleadings in favor of the plaintiff, accepting all his allegations as true, and consider only the evidence pertinent to the jurisdictional inquiry. *Bland*, 34 S.W.3d at 555.

Trial courts possess jurisdiction to grant judicial review of an agency action only when provided for by statute, or the agency action adversely affects a vested property right or otherwise violates a constitutional right. *Continental Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 397 (Tex. 2000). The legislature has provided that "[a] party that has exhausted its administrative remedies under [the workers' compensation act] and that is aggrieved by a final decision of the appeals panel may seek judicial review." Tex. Lab. Code Ann. § 410.251 (West 2006). Included in a party's exhaustion-of-remedies requirements is the timely filing of a request for review with the appeals panel. *Continental Cas. Co. v. Rivera*, 124 S.W.3d 705, 712 (Tex. App.—Austin 2003, pet. denied) (citing Tex. Lab. Code Ann. § 410.202).

7

Statutory requirements that define, enlarge, or restrict the class of causes the court may decide or the relief the court may award are considered to be jurisdictional. *Sierra Club v. Texas Natural Res. Conservation Comm'n*, 26 S.W.3d 684, 687-88 (Tex. App.—Austin 2000), *aff'd on other grounds*, 70 S.W.3d 809 (Tex. 2002). Consequently, a party's failure to exhaust administrative remedies under the workers' compensation act—including timely filing a request for review with the appeals panel—deprives the district court of subject-matter jurisdiction over the party's suit for judicial review of the appeals panel's decision. *Rivera*, 124 S.W.3d at 712.

Whether Frank timely filed her request for judicial review with the appeals panel turns on the statutes and Commission rules governing when she was considered to have received the hearing officer's decision and the deadline for her to request review. The legislature has provided that "[t]o appeal the decision of a hearing officer, a party shall file a written request for appeal with the appeals panel not later than the 15th day after the date on which the decision of the hearing officer is received from the division . . . ." Tex. Lab. Code Ann. § 410.202(a) (West 2006). The Commission has further specified in its rules that "[a] party to a benefit contested case hearing who is dissatisfied with the decision of the hearing officer may request the appeals panel to review the decision," and that "[t]he request shall": (1) be in writing; (2) "clearly and concisely rebut each issue in the hearing officer's decision that the appellant wants reviewed, and state the relief the appellant wants granted"; (3) "be filed . . . not later than the 15th day after receipt of the hearing officer's decision"; (4) be served on the other party on the same day filed with the Commission; and (5) contain a certificate that a copy of the request has been served on other parties. *See* 28 Tex. Admin. Code § 143.3(a) (2004). Saturdays, Sundays, and legal holidays listed in section

8

662.003 of the government code are not included in the computation of time in which a request for an appeal must be filed. *Id.* § 143.3(f); *see* Tex. Gov't Code Ann. § 662.003 (West 2004). "Untimely requests," the Commission has further provided, "do not invoke the jurisdiction of the appeals panel and will not be reviewed by the appeals panel." 28 Tex. Admin. Code § 143.3(a)(3).

The Commission has also promulgated rules for determining when a hearing officer's decision is considered to be "received" by a party so as to trigger the 15-day deadline for requesting appeals panel review. Rather than determining when a party actually received the decision in every case, the Commission has crafted a regime whereby the date of receipt will be presumed or deemed based on when and how the Commission transmitted the decision to the party. At relevant times, subsection (d) of rule 102.5—another component of the Commission's "General Rules for Written Communications to and from the Commission"—provided:

> (d) For purposes of determining the date of receipt for those written communications sent by the Commission which require the recipient to perform an action by a specific date after receipt, unless the great weight of evidence indicates otherwise, the Commission shall deem the received date to be five days after the date mailed; the first working day after the date the written communication was placed in a carrier's Austin representative box located at the Commission's main office in Austin as indicated by the Commission's date stamp; or the date faxed or electronically transmitted.

*Id.* § 102.5 (2004). The deemed-date provisions control unless the party can prove by "the great weight of the evidence" that he or she "did not have actual notice by one of the deemed dates." *Texas Workers' Comp. Comm'n v. Harris Co.*, 132 S.W.3d 139, 145 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Similarly, rule 143.3, one of the Commission's rules governing requests

for appeals panel review in particular, contains deemed-date provisions that are substantively identical to rule 102.5(d) in all respects relevant to this case:

(d) The commission shall deem that the parties received the hearing officer's decision:

    (1) five days after the date the commission's letter was mailed to the parties, unless the great weight of evidence indicates otherwise;

    (2) the first working day after the date the written communication was placed in a carrier's Austin representative box located at the commission's main office in Austin unless the great weight of evidence indicates otherwise;

    (3) the working day that it was faxed by the commission, if faxed during normal business hours as defined in § 102.3(c); otherwise, the next working day after the date faxed; or

    (4) the working day that it was electronically transmitted by the commission, if transmitted during normal business hours as defined in § 102.3(c); otherwise, the next working day after the date electronically transmitted.

28 Tex. Admin. Code § 143.3(d) (2004).

In its decision holding that Frank failed to timely request review, the appeals panel stated that "Commission records indicate that the hearing officer's decision was mailed to the claimant beneficiary on December 22, 2004." The panel further observed that "the claimant did not dispute or provide evidence that she did not receive the hearing officer's decision from the Commission." Frank has not challenged these factual determinations. Applying the deemed-date provision applicable to written communications sent by mail, the appeals panel held that Frank personally had "received" the decision five days after mailing—December 27, 2004.

10

*See* 28 Tex. Admin. Code § 102.5(d) ("unless the great weight of evidence indicates otherwise, the Commission shall deem the received date to be five days after the date mailed . . . ,"); *see also id.* § 143.3(d) ("The commission shall deem that the parties received the hearing officer's decision: (1) five days after the date the commission's letter was mailed to the parties, unless the great weight of evidence indicates otherwise . . . ."). From this deemed receipt date, the appeals panel calculated Frank's deadline to file her appeal to be January 18, 2005. *See* Tex. Lab. Code Ann. § 410.202; 28 Tex. Admin. Code § 143.3(a)(3), (e)-(f). Since Frank's attorney did not fax the request for review to the Commission until January 28, 2005, the appeals panel held that the request had not been timely filed.

As noted, it is undisputed that Frank's counsel did not receive a copy of the decision until January 28, 2005. In the appeals panel's view, whether, when or if Frank's counsel received the hearing officer's decision was irrelevant for purposes of determining when Frank's 15-day appeal deadline began running. The panel summarized its rationale, and that of the prior appeals panel decisions on which it relied, as follows:

> The Appeals Panel has held that since the 1989 [Workers' Compensation] Act gives the party, not the attorney, the right to appeal, and provides the party, not the attorney, with 15 days in which to file an appeal, the operative date for determining the timeliness of the appeal is the date the claimant, not his or her attorney, received the hearing officer's decision. Texas Workers' Compensation Commission Appeal No. 92219, decided July 15, 1992; Texas Workers' Compensation Commission Appeal No. 941144, decided October 4, 1994. While Rule 102.5(a) does provide that written communications to the claimant shall be sent to the representative, this has been interpreted [by the Commission] to be a courtesy copy as provided for in Commission Advisory 93-11, signed November 4, 1993, and does not operate to extend or change the 15 days after receipt of the hearing officer's decision by the party. Texas Workers' Compensation Commission Appeal No. 011059, decided June 26, 2001.

11

Tex. Workers' Comp. Comm'n, Appeal No. 050206, 2005 TX Wrk. Comp. LEXIS 59 (March 14, 2005).

In the Commission's Advisory 93-11, cited by the appeals panel, the Commission construed its rules to provide that only its communications sent directly to parties to workers' compensation dispute resolution processes—claimants, carriers, and employers—constitute notice to those parties and that any communications sent to those parties' respective counsel are mere "courtesy copies."

> [A]ll documents and notices that are required to be provided by the Texas Workers' Compensation Commission to insurance carriers that provide workers' compensation coverage will be placed in the Carrier's Austin Commission Representative's Box on the first floor in the Central Office. Notice to the Carrier for all purposes will be established by this notification.
>
> . . . .
>
> If the Carrier was represented by an attorney at any proceeding before the commission, and the Commission has the address of such attorney in its files, then a courtesy copy of all documents related to workers' compensation dispute resolution proceedings, including transmittal letters containing Benefit Review Conference Reports, Contested Case Hearing Decisions, and Appeals Panel Decisions will be mailed to such attorney.
>
> All documents and notices related to workers' compensation dispute resolution proceedings that are required to be provided by the Texas Workers' Compensation Commission to claimants will continue to be mailed to the Claimant. Notice to the Claimant for all purposes will be established by this notification. If the Claimant is represented by an attorney before the Commission, and the Commission has the address of such attorney in its files, then a courtesy copy of all such documents will be mailed to such attorney.
>
> All documents and notices that are required to be provided by the Texas Workers' Compensation Commission to employers will continue to be mailed to the Employer. Notice to the Employer for all purposes will be established by this notification. If the Employer is represented by an attorney before the Commission, and the Commission

12

has the address of such attorney in its files, then a courtesy copy of all documents related to workers' compensation dispute resolution proceedings will be mailed to such attorney.

TWCC Advisory 93-11 (Nov. 4, 1993), *available at* http://www.tdi.state.tx.us/wc/news/advisories/ad93-11.html.

Frank disputes the Commission's interpretation of its rules. She urges that the Commission's view renders meaningless rule 102.5(a)'s mandate that the Commission send the hearing officer's decision to *both* Frank *and* her counsel, as it permits a claimant's appeal deadline to expire without counsel ever receiving notice of the decision. To effectuate rule 102.5(a)'s mandate, Frank argues, her appeal deadline must be construed to have been triggered only when her counsel, in addition to Frank herself, finally received the decision. Because her counsel immediately filed an appeal on her behalf once he received the decision, Frank asserts that she timely invoked the appeals panel's jurisdiction and did not fail to exhaust her administrative remedies. *See* Tex. Lab. Code Ann. § 410.202(a); 28 Tex. Admin. Code § 143.3(a)(3), (e). Frank suggest that Liberty "is asking the Court to ignore [rule 102.5] and hold that the citizens of this state and their lawyers cannot rely on a properly promulgated Commission Rule requiring the Commission to send a copy of the CCH Hearing Officer's Decision to the attorney representing a claimant for purposes of triggering the 15 day deadline." Frank further emphasizes the principle that courts must "liberally construe the Workers' Compensation Act in favor of the injured worker; thus, a strained or narrow construction is improper." *Kroger Co. v. Keng*, 23 S.W.3d 347, 349 (Tex. 2000).

Liberty urges that we should defer to the Commission's interpretation of its own rules because it is not plainly erroneous or inconsistent with the text of the rules. Liberty argues that while

13

rule 102.5(a) obligated the Commission to send copies of the hearing officer's decision to both Frank and her counsel, the rule is silent regarding the consequences of noncompliance. Liberty also points out that other language in rule 102.5(a) requires "copies of settlements, notices setting benefit review conferences and hearings, and orders of the Commission shall always be sent to the claimant regardless of representation status." *See* 28 Tex. Admin. Code § 102.5(a). "That emphasis on notice to the claimant," Liberty contends, "supports the Appeals Panel's conclusion in this case that notice to the attorney is a *courtesy* and not a prerequisite to commencement of the 15-day response deadline." To the extent the rules are vague, ambiguous, or leave room for policy determinations, Liberty further asserts, the Commission's comments when adopting amended rule 102.5(a) evince intent that further supports the appeals panel's holding. There, the Commission explained that it amended rule 102.5(a) to "specifically list some documents which will be sent to both the claimant and the claimant's representative regardless of the claimant's request" because "sending notices to both the claimant and the claimant's representative reduces potential delays in distributing information that could occur if notices were only sent to the claimant's representative." 24 Tex. Reg. 6499 (1999) (Tex. Workers' Comp. Comm'n). Liberty views these comments as reflecting an understanding and intent that only the claimant's receipt of notices requiring responsive action, and not that by her attorney, triggers response deadlines.

"We construe administrative rules, which have the same force as statutes, in the same manner as statutes." *Rodriguez v. Service Lloyds Ins. Co.*, 997 S.W.2d 248, 254 (Tex. 1999). "Unless the rule is ambiguous, we follow the rule's clear language." *Id*. The failure of an agency to follow the clear, unambiguous language of its own rules is arbitrary and capricious, and will be

14

reversed. *Id*. at 254-55. Although we defer to an agency's interpretation where there is vagueness, ambiguity, or room for policy determinations in the regulation, we cannot defer to an administrative interpretation that is plainly erroneous or inconsistent with the regulation. *Id*. (quoting *Public Util. Comm'n of Tex. v. Gulf States Util. Co.*, 809 S.W.2d 201, 207 (Tex. 1991)); *BFI Waste Sys. of N. Am., Inc. v. Martinez Environ. Group.*, 93 S.W.3d 570, 575 (Tex. App.—Austin 2002, pet. denied). Further, as this Court has observed, a "competing factor" limiting the deference we might otherwise afford the Commission's interpretation of its own rules is the longstanding principle that "we must liberally construe the Workers' Compensation Act in favor of the injured worker; thus, a strained or narrow construction is improper." *Ackerson v. Clarendon Nat'l Ins. Co.*, 168 S.W.3d 273, 275 (Tex. App.—Austin 2005, pet. denied) (citing *Keng*, 23 S.W.3d at 349).

The text of rules, like statutes, is the first and foremost means of achieving our primary objective: ascertaining and giving effect to the intent of the body that enacted them. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006); *Texas Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004); *Rodriguez*, 997 S.W.2d at 254. Besides yielding our primary indicator of the drafters' intent, this focus on the text of the enactment "ensures that ordinary citizens are able to 'rely on the plain language . . . to mean what it says.'" *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 860 (Tex. 2005) (quoting *Fitzgerald v. Advanced Spine Fixation Sys.*, 996 S.W.2d 864, 866 (Tex. 1999)). We must read the enactment as a whole and not just isolated portions, giving meaning to language consistent with its other provisions. *City of Sunset Valley*, 146 S.W.3d at 642. We must presume that the entire enactment was intended to be effective. *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 86 (Tex. 2006).

Subsection (a) of rule 102.5 unequivocally requires that the Commission, once it receives written notification that a claimant is represented by counsel or other representative, "*shall*" thereafter send copies of "all written communications" to *both* the claimant *and* the representative. 28 Tex. Admin. Code § 102.5(a) (emphasis added). "Shall" denotes a mandatory duty. *See* Tex. Gov't Code Ann. § 311.016(2) (West 2005); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001). Thus, based on the plain meaning of its own rule 102.5(a), the Commission had assumed the mandatory obligation of sending the hearing officer's decision to Franks via two independent means—to Franks personally and to her counsel.[6] When viewed in context of the Workers Compensation Act as a whole and the principle that it must be construed liberally to achieve its purposes of compensating injured workers, this unique dual-notice requirement manifests intent to protect the rights of claimants who are relying on counsel by ensuring that both the claimant and counsel receive copies of all written communications, making such communications less likely

---

[6] Further, reading subsections (a) and (b) of rule 102.5 together confirms that, as is ordinarily the case, a written communication to a claimant's counsel is considered to be a means of written communication to the claimant. Specifically, the final sentence of subsection (a) identifies the addresses or facsimile numbers that the Commission will use when sending "[a]ll written communications to the claimant or claimant's representative," while subsection (b) separately addresses the contact information that the Commission will use to send "written communications to persons *other* than carriers and claimants." 28 Tex. Admin. Code § 102.5(a), (b) (emphasis added). Read together, these provisions imply that a claimant's representative is not among the "persons other than carriers or claimants" addressed in subsection (b) because written communications "to the claimant or claimant's representative" as referenced in subsection (a) are both communications to the claimant.

Subsection (b)'s reference to carriers reflects that such entities are governed by separate statutes and rules requiring that they receive communications through a designated Austin representative and that such communications constitute notice to the carrier. We discuss these requirements below.

16

to be overlooked by either. Rule 102.5(a)'s further requirement that the Commission give dual notice of "copies of settlements, notices setting benefit review conferences and hearings, and orders of the Commission," even if the claimant requests to have their written communications sent exclusively to counsel, is also consistent with this intent.[7]

The deemed receipt provisions of subsection (d), rule 102.5 and rule 143.3(d) must be construed in this context, especially where the former appears in the same rule as the dual notice requirement of subsection (a). *See City of Sunset Valley*, 146 S.W.3d at 642 (statutes must be construed as a whole, not just isolated portions). The parties' dispute ultimately turns on a choice between two alternative "trigger events" under the deemed receipt provisions. Under Liberty's view, echoing that of the Commission, we should look only to when the Commission mailed the hearing officer's decision to Frank personally, without regard to when (or even if) it sent the decision to Frank's counsel. Under Frank's view, we should look to the communication through which the Commission completed its compliance with the dual-notice requirement of rule 102.5(a). The former construction would eviscerate the manifest intent of rule 102.5(a)'s dual-notice requirement, while Frank's construction would give effect to both sets of provisions. We accordingly conclude that Frank's construction is the correct one.[8] *See Lexington Ins. Co.*, 209 S.W.3d at 86.

---

[7] We also observe that nothing in the rule's "legislative history" cited by Liberty is inconsistent with the intent manifested in its text.

[8] We also observe that while the current version of rule 102.5(d) explicitly provides that "the Commission shall deem the received date to be *the earliest of*" five days after mailing, the first working day after placement in a carrier's Austin representative's box, or the date faxed or electronically transmitted, 28 Tex. Admin. Code § 102.5(d) (2007) (emphasis added), the prior version that applies to this case, as one of our sister courts has observed, did not "indicate that it is the earliest of the deemed date provisions that controls," *Texas Workers' Comp. Comm'n v. Harris Co.*, 132 S.W.3d 139, 145 (Tex. App.—Houston [14th dist.] 2004, no pet.); *see* 28 Tex. Admin. Code § 102.5(d) (2004). The same is true of rule 143.3(d).

17

We also find instructive the supreme court's analysis in *Commercial Life Insurance Company v. State Board of Insurance*, 774 S.W.2d 650, 651-52 (Tex. 1989). Commercial Life had initiated a proceeding in the department of insurance to change its name. After a hearing, the commissioner approved the name change but the board of insurance subsequently voted to overrule the commissioner's order. No notice of this order was given to Commercial. The APA required that as a prerequisite to appealing an agency order or decision in a contested case, a motion for rehearing had to be filed within 15 days after the date of rendition. Commercial learned of the order 17 days after it had been rendered. Commercial immediately filed a motion for rehearing, which was overruled by operation of law, and then sued for judicial review. A plea to the jurisdiction was filed on the basis that Commercial had failed to exhaust its administrative remedies by filing a timely motion for rehearing. The trial court sustained the plea and dismissed the suit. *Id.*

The APA at the time contained a requirement that the parties be notified personally or by mail of any decision or order entered by the agency, but did not specify when such notice must be given. Nonetheless, the supreme court inferred from the statutory scheme legislative intent that the agency "promptly notify the parties of its orders or decisions" and that "[i]n the absence of such notice, the legislature could not have intended [the 15-day rehearing deadline] to preclude the parties' right to appeal." *Id.* at 652. "Thus," it reasoned, "the time period for filing a motion for rehearing does not commence until the agency complies with its statutory duty to notify the parties of the order or decision." *Id.* The court observed that the 15-day rehearing deadline "requires parties to take prompt action in order to preserve their right to seek judicial review" and that "the duty of the agency to provide notice serves the critical function of informing the aggrieved party of the date on which the [deadline] begins to run." *Id.* For that reason, the supreme court held, it would

"interpret the notice provision . . . to ensure that a party's ability to seek judicial review of agency orders and decisions will not be compromised because of the agency's failure to give notice of the order." *Id.*; *see Meador-Brady Mgt. Corp. d/b/a Pasadena Honda v. The Tex. Motor Vehicle Comm'n*, 866 S.W.2d 593, 595-96 (Tex. 1993) (applying same analysis to motor vehicle code).

Here, the Commission has imposed upon itself an obligation not only to ensure that claimants are served some notice of its decisions sufficiently promptly to enable them to seek review, but also to provide such notice through both claimants *and* their representatives. The purposes of this dual-notice requirement, like the notice requirement in *Commercial Life Insurance*, would be compromised unless the appeal deadlines under the Commission's rules are interpreted not to commence until the agency fully complies with its duty to give notice. *Commercial Life Ins. Co.*, 774 S.W.2d at 652.

The Commission's view that its failure to comply with its rule 102.5(a) mandate is irrelevant for appeal deadline purposes is based on the same sort of "strained or narrow construction" that this Court condemned in *Ackerson*. 168 S.W.3d at 275. Its notion that "since the 1989 Act gives the party, not the attorney, the right to appeal, and provides the party, not the attorney, with 15 days in which to file an appeal, the operative date for determining the timeliness of the appeal is the date the claimant, not his or her attorney, received the hearing officer's decision" lacks support. Section 410.202 of the labor code may "give[] the party, not the attorney, the right to appeal," and impose deadlines that impact "the party, not the attorney,"[9] but the same is true for any claim

---

[9] *See* Tex. Lab. Code Ann. § 410.202(a ) (West 2006)("[t]o appeal the decision of a hearing officer, a *party* shall file a written request for appeal with the appeals panel not later than the 15th day after the date on which the decision of the hearing officer is received from the division . . . .") (emphasis added).

in which an attorney represents a party. We further note that in the Workers Compensation Act, the legislature expressly provided that "[a] claimant may be represented at a benefit review conference, a contested case hearing, or arbitration by an attorney" or other representative. Tex. Lab. Code Ann. § 410.006(a) (West 2006); *see also id.* § 408.221 (West 2006) (governing attorney's fee awards paid to claimants' counsel). As the legislature anticipated that claimants could be represented by counsel in the contested case hearing leading to the decision that is the subject of appeal panel review, its reference to "party" in section 410.202 necessarily comprehends that either a party or counsel acting on his or her behalf could "receive" the hearing officer's decision.[10]

Similarly strained and inconsistent with the Workers Compensation Act and the Commission's own rules is the notion, stated in Advisory 93-11, that communications to a claimant's counsel are mere "courtesy copies" irrelevant to appeal deadlines. That view is squarely inconsistent with the text of rule 102.5, as we have previously explained.[11] There is likewise no support for that view in the Workers Compensation Act. There *is* support in the act and the Commission's rules for treating written communications sent to carriers' counsel as mere "courtesy copies." The legislature has explicitly required carriers to designate an Austin representative and provided that "[n]otice to the designated agent constitutes notice to the insurance carrier." *Id.* § 406.011(a) (West 2006); *see* 28 Tex. Admin. Code § 41.35 (2004) (requiring carriers to designate Austin representatives and that "[w]ritten notification or communication by the [Commission] with such representative shall

---

[10] Subsections (a) and (b) of rule 102.5, again, are consistent with this observation. *See supra* note 5.

[11] And, as Frank suggests, the notion would come as quite a surprise to claimants and their counsel who were relying on the Commission's dual-notice obligation stated in the text of rule 102.5 "'to mean what it says.'" *Rubio*, 185 S.W.3d at 860 (quoting *Fitzgerald*, 996 S.W.2d at 866).

be deemed notification to the carrier for all purposes"). But the legislature has imposed no such requirement regarding notice to claimants. To the contrary, labor code section 410.202, as discussed above, contemplates "receipt" of a hearing officer's decision by either a claimant or his or her counsel.[12]

We hold that Frank did not receive the hearing officer's decision until January 28, 2005, and that she complied with the 15-day deadline for requesting appeal panel review by filing her request on the same day. Tex. Lab. Code Ann. § 410.202(a); 20 Tex. Admin. Code § 143.3(a)(3). Consequently, she did not fail to exhaust her administrative remedies, and that the district court erred in dismissing her suit for judicial review for lack of subject-matter jurisdiction. We reverse the district court's judgment of dismissal and remand to that court for further proceedings.

_____

Bob Pemberton, Justice

Before Justices Pemberton, Waldrop and Henson;
  Dissenting Opinion by Justice Waldrop

Reversed and Remanded

Filed: April 11, 2008

_____

[12] We express no opinion regarding copies of communications sent to employers and their counsel.