TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00573-CV






Clairmont Longview, LP, A Delaware Limited Partnership; and Clairmont Longview GP,
LLC, A Delaware Limited Liability Company, Appellants


v.


State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. D-1-GV-05-005240, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N

 The State's Department of Aging and Disability Services ("DADS") assessed a fine
against Clairmont Longview, LP and Clairmont Longview GP, LLC (collectively, "Clairmont"),
which operates a nursing facility in Longview, Texas, for violating certain state regulations. A
federal agency subsequently ordered Clairmont to pay a fine for violating parallel federal regulations. 
DADS brought this suit to recover the penalties assessed against Clairmont. Clairmont argues that
such double fines are forbidden under section 242.070 of the Texas Health and Safety Code. The
trial court granted summary judgment for DADS. We will affirm the trial court's judgment.


FACTUAL AND PROCEDURAL BACKGROUND

 Clairmont is a nursing facility licensed by both the federal and state governments. 
As a result, Clairmont is subject to both federal and state regulations. On April 8 and 21, 2005, a
DADS representative visited the Clairmont facility and discovered violations of multiple state and
federal regulations. On May 2, 2005, DADS imposed a $13,500 fine for the state violations. DADS
informed Clairmont that it had the right to file an administrative appeal within twenty days. See
Tex. Health & Safety Code § 242.067 (West 2005). (1) Clairmont did not do so.

 In addition to imposing a penalty itself, DADS informed its federal counterpart, the
Centers for Medicare and Medicaid Services ("CMS"), that Clairmont was violating federal
regulations. See 42 U.S.C.A. § 1395aa(a) (West 2005) (state survey agencies can monitor regulatory
compliance for federal government). On May 2, 2005, CMS informed Clairmont that the federal
government would cease paying Clairmont for its services and would terminate Clairmont's federal
license if Clairmont did not rectify its violations. CMS informed Clairmont that it would also assess
a fine for the violations.

 On July 7, 2005, DADS again visited Clairmont's facility. This time it found that the
facility was complying with regulations. DADS transmitted this news to CMS, and as a result, CMS
rescinded its threats to cease payments and terminate Clairmont's federal license. CMS did not
rescind its fine, however, and Clairmont eventually settled with CMS for $3,000. CMS transmitted
a portion of this payment to the State pursuant to federal regulations. See 42 C.F.R. § 488.442(f)
(2005). 

 Though Clairmont paid its CMS fine, it never paid its $13,500 DADS fine. The State
sued Clairmont to collect that fine. After a period of discovery, the State moved for both traditional
and no-evidence summary judgment. The trial court granted the State's motion, and Clairmont
perfected this appeal.


STANDARD OF REVIEW

 A "traditional" motion for summary judgment is properly granted when the movant
establishes that there are no genuine issues of material fact and that it is entitled to judgment as a
matter of law. Tex. R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex.
1991); Holmstrom v. Lee, 26 S.W.3d 526, 530 (Tex. App.--Austin 2000, no pet.). A party seeking a "no-evidence" summary judgment, on the other hand, does not bear
the burden of establishing its right to judgment by proving a claim, but instead asserts that there is
no evidence of one or more essential elements of a claim on which the opposing party will have the
burden of proof at trial. Tex. R. Civ. P. 166a(i); Hamilton v. Wilson, 249 S.W.3d 425, 426
(Tex. 2008) (per curiam). If the nonmovant fails to produce more than a scintilla of probative
evidence raising a genuine issue of material fact as to each challenged element on which he has the
burden of proof, summary judgment is proper. Id. 

 In reviewing a grant of summary judgment, we take as true evidence favorable to the
nonmovant, making every reasonable inference and resolving all doubts in the nonmovant's favor. 
Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995). 


DISCUSSION

 This appeal turns on a single question--namely, whether section 242.070 of the Texas
Health and Safety Code precludes DADS and CMS from both collecting fines for a single incident. 
Section 242.070 states:


The department may not assess more than one monetary penalty under this chapter
and Chapter 32, Human Resources Code, for a violation arising out of the same act
or failure to act . . . . The department may assess the greater of a monetary penalty
under this chapter or a monetary penalty under Chapter 32, Human Resources Code,
for the same act or failure to act. (2)



Tex. Health & Safety Code Ann. § 242.070 (West Supp. 2008) (emphasis added). On its face, this
regulation precludes DADS from assessing multiple fines for a single incident; it does not preclude
DADS from assessing a fine if a separate federal agency like CMS assesses its own fine. Clairmont
nevertheless argues that the statute precludes DADS from assessing a fine if CMS also assesses one. 

 Clairmont's argument turns on the assertion that DADS effectively "assessed" a fine
when the State received a portion of the $3,000 fine that Clairmont paid CMS. The State ultimately
received that money, however, only because federal regulations required as much. See 42 C.F.R. §
488.442(f). The State did not ask CMS to fine Clairmont, nor did it ask for a portion of Clairmont's
payment. In no sense, then, did DADS itself, as opposed to CMS, "assess" the fine.

 In fact, DADS may only "assess" a penalty in one of three ways: by imposing its own
administrative penalty; by recommending to CMS that CMS impose a federal civil penalty; or by
recommending to the Texas Attorney General that he impose a state civil penalty. See State
v. Haltom Med. Investors, 153 S.W.3d 664, 666-67 (Tex. App.--Fort Worth 2004, no pet.). Here,
DADS chose the first option; it did not recommend that CMS impose a penalty or that the Attorney
General impose a penalty. Clairmont nevertheless insists that CMS's independent decision to
impose a fine counts as an "assessment" that precludes DADS from assessing its own administrative
penalty.

 Besides requiring an unnatural reading of "assess" and defying the above-cited case
law, Clairmont's argument yields two additional consequences that show a contrary legislative
intent. First, Clairmont's position would require that DADS await the outcome of any independent
enforcement action taken by CMS, no matter how belated or protracted, before DADS could pursue
its own. Here, DADS assessed a fine on May 2, 2005, that became final on May 22, 2005, when
Clairmont's time to appeal expired. See Tex. Health & Safety Code § 242.067(d). CMS did not
indicate that it would impose its own fine on Clairmont until four days later, and it did not actually
impose that fine until roughly six months after that. Under Clairmont's interpretation of section
242.070, DADS either had to (1) await the outcome of the federal process--notwithstanding that
DADS finalized its process before the federal process even began--before determining whether it
could assess its own fine, or (2) accept that its already-finalized penalty could later be voided at any
point by independent federal action. Accepting Clairmont's position would mean that any "final"
administrative penalty assessed by DADS could be voided retrospectively by a federal agency's
unilateral action. There is no reason to believe that the Texas legislature intended to impose such
a limitation on a State agency. A much more logical interpretation of section 242.070, and one that
accords with existing case law, is that a CMS fine counts as an "assessment" by DADS only if
DADS recommends it. See Haltom, 153 S.W.3d at 666 (DADS can "assess" penalty by
recommending that CMS pursue one).

 Second, as the district court noted, Clairmont's interpretation of section 242.070
creates an internal inconsistency. The first sentence of section 242.070 permits DADS to assess a
single penalty, and the second sentence permits DADS to choose the greater of a penalty under the
Health and Safety Code or the Human Resources Code. See Tex. Health & Safety Code § 242.070. 
If a CMS fine counted as an "assessment" in the first sentence, however, CMS's imposition of a fine
would necessarily deprive DADS of the discretion guaranteed it by the second sentence. Moreover,
DADS would be powerless to object if, as here, CMS chose to pursue a lesser penalty, a state of
affairs irreconcilable with the statute's clear intent that DADS be able to choose a greater penalty. 
We presume that the legislature did not intend to nullify half the statute at issue. See Tex. Gov't
Code § 311.021 (West 2005) (presumption that entire statute is intended to be effective).

 In sum, we hold as a matter of law that Texas Health and Safety Code section 242.070
only precludes DADS from assessing multiple penalties itself. The statute does not preclude DADS
from assessing a penalty when a federal agency, acting independently and of its own accord, assesses
its own penalty. 


CONCLUSION

 For the reasons discussed above, we affirm the district court's judgment.



 __________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: July 14, 2009
1. We cite the 2005 regulations that were in effect when this dispute arose. See Frank
v. Liberty Ins. Corp., 255 S.W.3d 314, 318 n.3 (Tex. App.--Austin 2008, pet. denied).
2. Health and Safety Code section 242.002(4) defines "Department" to mean the Texas
Department of Human Services. DADS took over the Department of Human Services's relevant
regulatory functions on September 1, 2004. See Tex. Hum. Res. Code § 161.071(6) (West Supp.
2008). Thus, like the parties, we interpret "Department" in section 242.002(4) to refer to DADS.