# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00435-CV

**Lonnie Donaldson, Appellant**

**v.**

**Hoskins Electrical and North River Insurance Company, Appellees**

### FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
### NO. 32,966, HONORABLE ED MAGRE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Lonnie Donaldson sued appellees Hoskins Electrical ("Hoskins") and North River Insurance Company ("North River") (collectively "the defendants") for judicial review of a final decision of the Division of Workers' Compensation of the Texas Department of Insurance ("the Division"). The defendants answered and filed a plea to the jurisdiction, asserting that (1) the trial court did not have subject-matter jurisdiction because Donaldson failed to exhaust his administrative remedies by not timely requesting appeals panel review, and (2) Donaldson's former employer, Hoskins, was an improper party to a suit for judicial review of a workers' compensation decision. The trial court granted the defendants' plea. On appeal, Donaldson asserts that (1) the trial court has subject-matter jurisdiction over his suit for judicial review because he did not receive timely notice of the hearing officer's order and over his "tort suit" because the defendants previously asserted that Donaldson was not an employee of Hoskins, and (2) the trial court erred in denying his

"request for a bench warrant to Milam County to defend himself in the 20th District Court." We will affirm the trial court's order.

### FACTUAL AND PROCEDURAL BACKGROUND

Donaldson was employed by Hoskins as an operator of heavy digging equipment. On June 30, 1999,[1] he injured himself while lifting a heavy loading ramp onto an equipment trailer. Donaldson filed a worker's compensation claim. North River, Hoskins's workers' compensation insurance company, denied the claim, asserting that Donaldson had failed to notify Hoskins of his injury within the time required by the labor code. Donaldson requested a benefits review conference to contest the denial. Because the parties were unable to come to an agreement at the conference, Donaldson requested a contested case hearing. The Division set the hearing for November 9, 2006.

Donaldson failed to appear at the hearing because he was incarcerated. The day after the hearing, the Division sent Donaldson a letter giving him ten days to show cause for failing to appear at the hearing. Receiving no response within the ten day period, the hearing officer closed the record on November 21, 2006. On November 29, 2006, the hearing officer issued his decision, finding that Donaldson was an employee of Hoskins at the time of his injury but that his injury was not compensable because he failed to timely notify his employer of his injury. On December 6, 2006, the Division mailed the hearing officer's decision to Donaldson at his address of record. According to the appellate record, Donaldson mailed his request for administrative review of the hearing officer's decision on August 16, 2007.

---

[1] The administrative record lists Donaldson's date of injury as May 20, 1999. The actual date of injury is not relevant to the disposition of this appeal.

The appeals panel's opinion recites that Donaldson, in a letter to Division ombudsman Linda Lewis dated November 11, 2006, explained his absence at the contested case hearing and noted that his address had changed as a result of his incarceration. Donaldson failed, however, to include his new address. The opinion notes that, in support of his argument that the Division already had his new address on file, Donaldson submitted a copy of an envelope addressed to Lewis and postmarked November 20, 2006, that provides a different address for Donaldson than the one on file with the Division. The appeals panel noted, however, that the envelope was not in the Division's file and did not bear a "received date" stamp that would indicate if or when it was received by the Division.

The appeals panel determined that, based on the record, Donaldson's request for review of the hearing officer's decision was untimely because it was neither filed nor postmarked by the deadline of January 4, 2007. Concluding that his petition was filed untimely, the appeals panel dismissed the appeal for lack of jurisdiction. Donaldson filed his suit for judicial review of the appeals panel decision in the trial court. The defendants filed a plea to the jurisdiction, asserting that Donaldson had failed to exhaust his administrative remedies. The trial court granted the plea, and Donaldson appealed.

**STANDARD OF REVIEW**

Whether a court has subject matter-jurisdiction is a question of law that we review de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225 (Tex. 2004). A trial court has jurisdiction to review the decision of an agency only when provided by statute or when the agency decision adversely affects a vested property or constitutional right. *Continental Cas. Co.*

*v. Functional Restoration Assocs.*, 19 S.W.3d 393, 397 (Tex. 2000). The labor code permits a party who has exhausted his administrative remedies and is aggrieved by a final decision of the Division's appeals panel to seek judicial review. Tex. Lab. Code Ann. § 410.251 (West 2006). In order to exhaust his administrative remedies, a party must timely file a request for review with the appeals panel. *Frank v. Liberty Ins. Corp.*, 255 S.W.3d 314, 320 (Tex. App.—Austin 2008, pet. denied). If a party does not timely file such a request, the trial court lacks subject-matter jurisdiction over a suit for judicial review of the appeals panel decision. *Id.*

**DISCUSSION**

*Exhaustion of Administrative Remedies*

In his first issue, Donaldson asserts that the trial court erred in granting the defendants' plea to the jurisdiction because, under the circumstances, his appeals panel review request was filed timely. He also argues that the trial court has jurisdiction over his "tort suit" against the defendants because they had previously asserted that Donaldson was not an employee at the time of his injury. The defendants argue that the record shows that Donaldson failed to exhaust his administrative remedies and that his tort suit was improper because the labor code makes the workers' compensation system the exclusive remedy for an employee injured on the job and covered by workers' compensation insurance.

To have exhausted his administrative remedies, Donaldson must have timely filed his request for appeals panel review. *Id.* The deadline for filing a request is found in section 410.202 of the labor code:

4

(a) To appeal the decision of a hearing officer, a party shall file a written request for appeal with the appeals panel not later than the 15th day after the date on which the decision of the hearing officer is received from the division and shall on the same date serve a copy of the request for appeal on the other party.

. . . .

(d) Saturdays and Sundays and holidays listed in Section 662.003, Government Code, are not included in the computation of the time in which a request for an appeal under Subsection (a) or a response under Subsection (b) must be filed.

Tex. Lab. Code Ann. § 410.202 (West 2006). The record reflects that the hearing officer's order was signed on November 29, 2006, and was mailed to Donaldson's address of record on file with the Division on December 6, 2006.

The Division's rules, which have the force and effect of statutory law, *see Rodriguez v. Service Lloyds Ins. Co.*, 997 S.W.2d 248, 254 (Tex. 1999), deem the hearing officer's decision as received by the claimant five days after it was mailed to the claimant's address of record unless the great weight of the evidence indicates otherwise, *see* 28 Tex. Admin. Code § 102.5(d) (2008) (Tex. Dep't of Ins., Div. of Workers' Compensation, Gen. Rules for Written Commc'ns to & from Div.). That means, barring evidence to the contrary, Donaldson was deemed to have received the hearing officer's decision on December 11, 2006. Pursuant to section 410.202 of the labor code and Division rule 143.3(d)(1), his request for review was due fifteen days later, not counting Saturdays, Sundays, or holidays. Tex. Lab. Code Ann. § 410.202(a), (d); 28 Tex. Admin. Code § 143.3(d)(1) (2008) (Tex. Dep't of Ins., Div. of Workers' Compensation, Dispute Resolution by the Appeals Panel). Excluding Christmas and New Year's Day and not counting Saturdays and Sundays, Donaldson's

5

petition for review had to be postmarked no later than January 4, 2007, to be timely. The record reflects that his petition for review was postmarked on August 16, 2007, more than eight months too late.

Donaldson asserts that he did not receive actual notice of the hearing officer's decision until February 2007, via a letter sent by ombudsman Lewis explaining that his deadline to file a request for appeals panel review had passed. Assuming without deciding that Donaldson presented sufficient evidence to the Division in support of his contention that he did not receive actual notice of the hearing officer's decision until February 2007, his August 2007 filing would still be untimely. Fifteen days after February 2007 would, at the latest, make the filing deadline sometime in the middle of March 2007. Donaldson's August 2007 filing is therefore, at a minimum, five months too late. Because Donaldson failed to timely file his request for appeals panel review, he failed to exhaust his administrative remedies. Because he failed to exhaust his administrative remedies, the trial court lacked subject-matter jurisdiction over his suit for judicial review. *See Frank*, 255 S.W.3d at 320.

### Donaldson's Tort Suit

Donaldson argues that the trial court has jurisdiction over his tort suit against the defendants because they represented to the court that Hoskins was not Donaldson's employer at the time of his injury. Donaldson reasons that this means that the Division no longer has exclusive jurisdiction and that he may therefore bring a suit in tort against the defendants.

This contention is without merit. The record reflects that Donaldson filed a workers' compensation claim asserting that he was injured during the course and scope of his employment

with Hoskins. The hearing officer's decision on Donaldson's claim specifically found that he was Hoskins's employee at the time he was injured. Moreover, Donaldson does not point to any alleged assertion by the defendants that he was not Hoskins's employee. In any event, the non-appealed decision of the hearing officer here is final and controlling. *See* Tex. Lab. Code Ann. § 410.169 (West 2006). As such, section 408.001 of the labor code bars Donaldson's tort suit. *See id.* § 408.001 (West 2006) (workers' compensation is exclusive remedy for injured employees whose employers have workers' compensation insurance). Accordingly, we overrule Donaldson's first issue.

### Bench Warrant

In his second issue, Donaldson asserts that the trial court erred when it denied his "request for a bench warrant to Milam County to defend himself in the 20th District Court." It appears that Donaldson is arguing that the trial court abused its discretion when it denied his motion to be transported from his then-current site of incarceration to the courthouse to "present evidence" at the hearing on the defendants' plea. Donaldson asserts that his presence at the hearing was indispensable because he was not allowed to otherwise present evidence showing the actual date that he received notice of the hearing officer's decision. Even assuming Donaldson is correct, there is no error here. As noted above, Donaldson contends that he received notice of the hearing officer's decision in February 2007. Even taking as true Donaldson's assertion, we have concluded that his August 2007 filing for review was untimely. Thus, any argument or evidence in support of his contention that he could have presented at the hearing would have been unavailing. Accordingly, we overrule Donaldson's second issue.

7

## CONCLUSION

Having overruled Donaldson's two issues on appeal, we affirm the order of the trial court.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed:   August 11, 2010